# Preferred Masonic Mutual Accident Association of America v. John H. Jones.

1. ACCIDENT INSURANCE—*Construction of Conditions—Meaning of the Term "Immediately."*—The term " immediately " as used in a policy of accident insurance against loss of time resulting from bodily injuries incurred, which, independent of other causes, *immediately*, wholly and continuously disable the insured from transacting any kind of business pertaining to his occupation. is to be construed in its connection as a word of time, and does not mean within a reasonable time, but presently, without any substantial interval.

2. SAME—*Injuries Not Included in the Policy.*—Where a person, insured in an accident company against loss of time resulting from bodily injuries, which, independent of other causes, immediately disable him from transacting any kind of business pertaining to his occupation, was injured in passing through a door and accidentally and violently striking his head against the casing over the doorway, but continued to transact his duties as a salesman for five days before he was wholly disabled, etc., it was held that he could not recover under the conditions of the policy.

Assumpsit, on a policy of accident insurance.—Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1894. Reversed and remanded. Opinion filed June 3, 1895.

E. L. CHAPIN, attorney for appellant.

CONKLING & GROUT, attorneys for appellee.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

This was an action of assumpsit against appellant, a Michigan corporation, on its policy of insurance issued to appellee on August 5, 1892. A general demurrer to the declaration was overruled, and the defendant abiding thereby, was defaulted for want of a plea, the damages assessed at $275, and final judgment rendered therefor and for costs, from which this appeal is prosecuted.

The declaration is in a single count, setting out so much of the policy as is relied on, and with which a copy of the

entire instrument is also filed. From these it appears that the occupation of plaintiff is that of a salesman, and that defendant, by its policy, promised to insure him against bodily injury of divers kinds and forms, respectively, "incurred through external, violent and accidental means," of which the one here alone relied on is claimed to be included in the following clause: "First—In the sum of $25 per week against loss of time, not exceeding fifty-two consecutive weeks, resulting from bodily injuries incurred as aforesaid * * * which shall, independent of all other causes, immediately, wholly and continuously disable him from transacting any and every kind of business pertaining to his occupation as above stated." The averment of the declaration is that while pursuing his said occupation " the plaintiff was passing through a cellar door and accidentally and violently struck his head on the stone casing over the said doorway and was thereby, then and there, knocked down and his head seriously injured, but that although suffering pain he continued to perform his duties as salesman for the space of five days, when said injury, independent of all other causes, wholly disabled him from transacting any and every kind of business pertaining to his occupation as above stated, and the plaintiff became seriously sick, sore, lame and disordered from said injury, independent of all other causes, and he was wholly and continuously disabled, from that time to this, from transacting any and every kind of business pertaining to his occupation as salesman."

Does this state a case within the meaning of the agreement? Appellant insists it is substantially defective in failing to show that the alleged injury did *immediately* disable appellee.

It is plain that the parties intended to limit those covered by it to a class identified and distinguished by the means causing and the effects following them, as therein described. The latter are so described by the verb " disable " qualified by the adverbial phrase "independent of all other causes," and the adverbs " immediately," " wholly " and " continu-

ously." These are all terms of essential description, and if they respectively indicate different but consistent characteristics of the thing described, they are alike material, and each is so much so that no liberality of construction in favor of the insured will warrant the court in disregarding either. U. S. Acc. Assoc'n v. Millard, 43 App. 150. The declaration, to be good, must therefore aver that the plaintiff was not only wholly and continuously disabled by the means alleged, independent of all other causes, but also " immediately " so disabled, whatever that may mean, unless it is included in the phrase " independent of all other causes." What it does mean, as here used, and consequently whether it is so included, is the question now presented for determination.

According to standard lexicographers and the common understanding, it has but two meanings—one indicating the relation of cause and effect, as direct and proximate, and the other the absence of time between two events. Thus Webster defines it generally as " in an immediate manner." His third definition of " immediate " is " acting with nothing interposed or between, or without the intervention of another object as a cause, means, medium or condition; producing its effect by direct agency." And hence more specifically defines the adverb as " without intervention of anything, proximately, directly—opposed to mediately," which is in substance identical with the idea conveyed by the adverbial phrase quoted. For a cause which produces its effect " independent of all other causes " produces it by direct agency or proximately. If, then, the term " immediately " was used in that sense, or had no other meaning, or none as reasonably applicable to this case, it might be disregarded as superfluous.

But it has another, quite as commonly understood and used, which Webster states as " without interval of time; without delay; instantly." So, also, according to Worcester. Streeter v. Streeter, 43 Ill. p. 165. To give it any effect whatever here, then, in either sense, without disregarding the phrase which is its equivalent in the former, it

must be held to have been used in the latter. We need to entertain no doubt that the disability alleged was caused directly and approximately, because exclusively, by the injury, in order to hold as matter of law that if there was an interval of five days between them it was not caused without interval of time, without delay, or instantly.

Attention is called to cases in which the term has been construed to mean within a reasonable or practicable time. From the Am. & Eng. Ency. of Law, Vol. IX, p. 931 (note 2), is cited the remark that "the word 'immediately,' although in strictness it excludes all mean times, yet to make good the deeds and intents of parties it shall be construed such convenient time as is reasonably required for doing the thing." These are believed to be cases in which something is to be done by voluntary human agency, and instant compliance is necessarily impossible, or so impracticable as to forbid the supposition that it was intended, as illustrated by the provision in fire insurance policies requiring the insured to give immediate notice of his loss and the like, where some interval of time is necessary to prepare it.

Is there any reason for a like construction here? There was no deed or intent of appellee to be made good. He had nothing to do or intend in the premises. The agreement contemplated him as entirely passive. It was not made his part, in any active or voluntary sense, to become disabled. He was to be made so, without regard to his will, by external, violent and accidental means. If not thereby made so immediately—whether by reason of his strength, pluck, nerve or anything else, though another, less strong, might have been—his case is not within the agreement.

It is said that total disability does not always instantly follow an injury by such means; that the cause operates according to the laws of nature, always within a reasonable time, and therefore it is not to be supposed that the parties intended any effect sooner than it would be produced or might be reasonably expected in accordance with those laws.

But the question here is whether the intention, as ex-

pressed, limits the liability of appellant to those cases, which are many, in which nature does so act as to produce the required effect immediately in point of time. We see nothing unreasonable in such a limitation. From another part of the agreement it is clear that the injuries intended were such as should proximately, and exclusive of all other causes, produce it. If any substantial interval of time between them was to be allowed, the insurer would be exposed to liability for some that were materially aided in its production by causes arising in such interval, from the difficulty of proof as against the *post hoc* argument. In view of the actual liberality of legal construction in favor of the insured and the supposed leaning of juries against corporations, appellant might well endeavor to guard itself against this disadvantage by some expression which would more certainly bring the case within that description as well as mark a distinct feature. For those purposes the term immediately, as an adverb of time, would be appropriate and effective, but in the other sense entirely useless.

Cases cited show it is not peculiar to the policies or certificates of membership issued by this company; and that it has been commonly understood in that sense may perhaps be a fair inference, from the fact that counsel have found but a single one in which the question here made was presented. In that the language of the certificate was the same as in this, and the Supreme Court of Georgia held, as for the same reason we hold, that "immediately," in that connection was "a word of time," and did not mean "within a reasonable time," but presently, without any substantial interval. Williams v. The Preferred Mut. Acc. Association, 91 Georgia, 698. We have no hesitation in saying that "after the lapse of five days," occupied in the performance of his active duties as before the injury, is not within any recognized meaning of the term when used as a word of time. The demurrer should therefore have been sustained.

Reversed and remanded.