·CASE 111—ACTION BY W. E. PEPPER AGAINST THE ORDER OF UNITED
COMMERCIAL TRAVELERS OF· AMERICA.—OCTOBER 14.

# Pepper v. Order of United Commercial Travelers of America.

APPEAL FROM MASON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

BENEFICIAL ASSOCIATIONS—ACCIDENTS—DISABILITY.

Held: The word "immediately" in the Constitution and laws of an
order providing for benefits if a member shall sustain acciden-
tal injury, which shall independently of all other causes, im-
mediately, wholly, and continuously disable him, refers to time,
not cause.

A. E. COLE & SON, THOS. R. PHISTER AND E. L. WORTHING-
TON, FOR APPELLANT.

The appellee, an accident insurance company, contracted with
appellant, a commercial traveler, to indemnify him against bod-
·ily injury effected through external, violent and accidental
means, which shall independently of all other causes imme-
diately, wholly, and continuously disable and prevent him from
the prosecution of any and every kind of business pertaining
to his occupation. While riding on a hand car on a railroad
track appellant was accidentally thrown therefrom and received
a severe bruise or injury to his left leg about four inches above
the knee joint. In consequence thereof, he was immediately
and wholly disabled. Although he was not *immediately*
prevented from the prosecution of every part of his business,
yet he *was* so prevented from the prosecution of any and every
part of his occupation, which was that of a commercial travel-
er, and was so prevented for the period of sixteen weeks, by
reason whereof, he was entitled to receive from appellee the
·sum of twenty-five dollars per week, or $400 in all.

We claim that under this contract, it is not necessary that
the disability should be of such a character as to prevent the
insured from transacting *any* kind of business pertaining to his
occcupation, but that it is sufficient if it prevents him from do-
.ing all the substantial acts required of him in his occupation.

Pepper v. Order of United Commercial Travelers of America.

## AUTHORITIES CITED.

Turner v. Fidelity & Casualty Co., 38 L. R. A., 535; Young v. Travelers' Insurance Co., 80 Mo., 244; Utter v. Travelers' Ins. Co., 65 Mich., 545; Grand Rapids Elec. Light Co. v. Fidelity C. Co. (Mich.) 3 det. L. N., 609; Walcott v. United Life & Accident Asso., 55 Hun., 98; Lobdill v. Laboring Men's Mut. Aid Assn., 38 L. R. A., 538; Com. Trav. Mut. Acc. Assn. v. Springstreet, 23 Ind., App., 657-55, Me., 973; 'Huhn v. Interstate Casualty Co., 115 Mich., 79; Thayer v. Standard, etc. Ins. Co., 68 N. H., 577; Baldwin v. Fraternal Acc. Assn., 21 Mesc. N. Y., Sawyer v. U. S. Casualty Co. (Mass.) 8 Am. L. Reg. N. S., 233; Am. Accident Co. v. Reigart, 94 Ky, 547; May on Insurance, sec. 175; Hutchcraft's Exr. v. Trav. Ins. Co., 87 Ky., 300.

EDWARD W. HINES, FOR APPELLEE.

SUTER & SUTER, A. M. J. COCHRAN, OF COUNSEL.

## POINTS AND CITATIONS.

1. As plaintiff's petition contains no allegation as to the purpose for which defendant corporation was organized, and no allegation as to any provision of its charter, it does not appear that the provisions of defendant's Constitution and laws were authorized by its charter, and so it is not shown that they are valid.

2. As plaintiff does not attempt to set forth the words of defendant's Constitution and laws, but attempts merely to give their effect, and no copy of the Constitution and laws is filed, the rule that the contract is to be liberally construed in favor of insured can not be applied.

3. Effect must be given to the provision of the contract that benefits shall be given only for such bodily injury as *immediately* prevents the member from the prosecution of any and every kind of business pertaining to his occupation. Williams v. Accident Asso., 91 Ga., 698; Merrill v. The Travelers Ins. Co., 91 Wis., 329; The Preferred Masonic Mut. Acc. Asso. v. Jones,. 60 Ill., App., 106.

OPINION OF THE COURT BY JUDGE WHITE—AFFIRMING.

The appellant pleads in his petition, to which demurrer was sustained, that he was a member of appellee organization, and had paid all fees, dues, and assessments due by him, and was entitled to all the rights and benefits of a

member, and that by the constitution and laws of the order it is provided "that, if any such member who has paid all fees, dues and assessments, shall sustain, during the continuance of his membership, and while in good standing, bodily injury effected through external, violent and accidental means, which shall, independently of all other causes, immediately, wholly, and continuously disable and prevent him from the prosecution of any and every kind of business pertaining to his occupation, he shall . . . be indemnified," etc. The petition then alleges that appellant was injured on May 9, 1898, while a member of the order in good standing, and, "while he was not immediately prevented from the prosecution of every part of his business, yet he was so prevented from the prosecution of any and every part of his business, which was that of a commercial traveler, and was so disabled and prevented for the period of sixteen weeks from June 20, 1898, to October 10, 1898; and by reason of said injury he was entitled to receive from defendant . . . four hundred dollars in all." To this petition a demurrer was sustained, and, upon failure to plead further, the same was dismissed, and hence this appeal.

The theory upon which the demurrer was sustained was that it is shown by the petition that the disability did not, in point of time, immediately follow the accident; that there was an interval of from May 9th to June 20th, in which there was no total disability. It is insisted by appellant that it is not required by the Constitution and by-laws of the order, nor is it so pleaded in the petition, that the disability shall, in point of time, immediately follow the injury, but that the word "immediately," there used, is intended to mean the same as the preceding phrase "independently of all other causes," and in the sense of "directly,"

as opposed to "indirectly," and has no reference to time. It is true that the word "immediately" has the two meanings, one as to time and the other as to causation. The question here is as to which of these meanings applies to the word in the connection here. The most common use of the word is in reference to time, and that meaning would ordinarily be given to the word if the connection of its use permits. It would be a clear repetition if it was intended to mean without other causes, because that is clearly expressed by the phrase directly preceding. It was not intended to use several words in connection to convey the same meaning, for the following words are "wholly and continuously disable," etc., which refer to degree of injury, and not cause or time. We are of opinion that the word "immediately," as used, refers to time, and means that the disability shall follow within a very short time the receiving the injury. In this view we are supported by the only two cases where this question has ever been presented for adjudication, viz., Williams v. Association, 91 Ga., 698, 17 S. E., 982, and Merrill v. Insurance Co., 91 Wis., 329, 64 N. W., 1039. The policy of accident insurance in the Williams case read identically like the plea here: "Which should independently of all other causes, immediately, wholly and continuously disable." The court held that the word "immediately" referred to time, and not cause. In the Merrill case the policy provided: "Which should, independently of all other causes, immediately and wholly disable," etc. This provision, so far as the word "immediately" is concerned, is identical with the case at bar. The court held that the use referred to time, rather than cause, following and approving the Georgia court in the Williams case, supra. We have been referred to no other cases, and have found none, where this question has been decided. We

conclude that this is the proper meaning of the use of the word, and that, therefore, by the statements of the petition, appellant was not immediately disabled, and could not, therefore, recover.

Judgment affirmed.

Petition for rehearing by appellant overruled.