· LETHERER *v.* UNITED STATES HEALTH & ACCIDENT
INSURANCE CO.

INSURANCE—ACCIDENT INSURANCE—IMMEDIATE DISABILITY—WHAT
    CONSTITUTES.

> An accident policy, providing indemnity for loss of time result-
> ing from bodily injuries which shall "immediately following
> the receipt thereof wholly and continuously disable and pre-
> vent the assured from performing any and all duties pertaining
> to any business or occupation," does not cover an injury after
> which assured performed the duties of his employment for
> over a week, and other work for a still longer period, though
> such labor was accompanied with great pain, and the injury
> finally resulted in his giving up work altogether.

Error to Lenawee; Chester, J.  Submitted May 3, 1906.
(Docket No. 106.)  Decided July 23, 1906.

Assumpsit by John F. Letherer against the United
States Health & Accident Insurance Company on a
policy of insurance.  There was judgment for plaintiff,
and defendant brings error.  Reversed, and no new trial
ordered.

*Theodore M. Joslin,* for appellant.

*Smith, Baldwin & Alexander,* for appellee.

MONTGOMERY, J.  The plaintiff held a policy in the de-
fendant company providing indemnity for loss of time
"resulting from bodily injuries caused solely and exclu-
sively by external, violent, and accidental means, * * *
which shall independently of all other causes and immedi-
ately following the receipt thereof wholly and continuously
disable and prevent the assured from performing any and
all duties pertaining to any business or occupation."  This
action was brought to recover indemnity for loss of time
resulting from an injury received by falling and striking

his testicles against a scantling. This injury occurred on the 2d day of October. The undisputed testimony shows that plaintiff was employed in conducting a cider mill; that he did the firing, ran the engine, and did other work about the mill; that after receiving the injury complained of he continued in his employment until the 9th of October, when he left, after having a disagreement with his employer. In answer to the question, "Under what circumstances did you work?" plaintiff answered, "Well, with a lot of pain, and it was hard work for me to work, but I don't give up very easy." He was asked, "Were you able to do a full day's work?" and answered, "Well, in some cases I was and in some I wasn't." The employer was not apprised of the fact that plaintiff had received any injury. After leaving his employment at the cider mill plaintiff went up to Pittsford to his sister's, and stayed until the next morning and returned to Adrian, and worked two or three days for a Mr. Earl in building a summer kitchen. He testifies that he told Mr. Earl of his injury, and did not charge him full pay. He then went back to his sister's and dug potatoes two or three days and gave up work. The circuit judge submitted to the jury the question of fact as to whether the plaintiff was immediately and wholly disabled and prevented from pursuing his employment within the meaning of the policy. The jury found for plaintiff, and defendant brings error.

The plaintiff relied upon *Turner* v. *Casualty Co.*, 112 Mich. 425 (38 L. R. A. 529), and *Hohn* v. *Casualty Co.*, 115 Mich. 79, as sustaining the holding of the circuit judge. In *Turner's Case* the injury consisted of a dislocation of the shoulder. Plaintiff testified that the fall disabled his arm for 10 weeks, and that during that time he did no business at all; that he could not dress himself without help; that he had a man to do his business for him; that he went to the office every day for a short time, but was unable to do any kind of work. It was held that under this testimony it was a question for the jury as to

whether he was wholly disabled. In *Hohn's Case* plaintiff was a barber. He was injured on Friday. On Saturday he went to his shop late and did some work, but not nearly as much as he would have done if well. He rested on Sunday. On Monday he again went to his shop, and attempted to work, but suffered such pain that he fainted away, a physician was called, and plaintiff was taken home in a carriage. He continued to visit his shop during the week, suffering pain all the while, and occasionally working a little, but was unable to perform all the duties of his business because of the pain he suffered. It was held to be a question for the jury. The case perhaps goes as far as any which can be cited in plaintiff's support. It is near the border line, and yet we think it is easily distinguished from the present. In that case there was no time in which the plaintiff actually performed all the duties pertaining to his business. While attempting to do so he was so far overcome by pain that he had to call a physician to his place of business. It might well be said that here was a demonstrated ineffectual *attempt* to work. In the present case the plaintiff in fact for one week after suffering the injury actually performed all the duties of his employment. It would be in contradiction of his own testimony to say that during this time he was not only *disabled* from, but prevented from, performing those duties. If he was able to perform all the work connected with his employment for a week he was not *immediately* disabled. *Preferred Masonic Mut. Accident Ass'n* v. *Jones*, 60 Ill. App. 106; *Williams* v. *Accident Ass'n*, 91 Ga. 698.

The circuit judge should have directed a verdict for defendant. Judgment reversed, and no new trial ordered.

MCALVAY, BLAIR, OSTRANDER, and HOOKER, JJ., concurred.