[Civ. No. 473.   First Appellate District.—November 5, 1908.]

# JOSEPH J. LAVENTHAL, Respondent, v. THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellant.

ACCIDENT INSURANCE POLICY—LIABILITY LIMITED TO INJURY IMMEDIATELY CAUSING TOTAL DISABILITY—REMOTE EFFECT NOT ACTIONABLE.—Under an accident insurance policy providing for payment in case of injuries, "if said injuries shall immediately, continuously and wholly disable and prevent the insured from performing every and any kind of duty pertaining to his occupation," when, in an action for alleged total disability resulting from an injury preventing any work for a period of over six months, the evidence shows that such total disability did not result until twenty-two days after the injury, during which period the insured attended to his usual duties, no recovery can be had for such remote effect of the injury, under the terms of the policy.

ID.—PARTIES BOUND BY UNAMBIGUOUS TERMS OF CONTRACT.—The insurance policy is but a contract to be construed from the language used; and when the terms are plain and unambiguous, it is the duty of courts to hold the parties to such contract.

ID.—RIGHT OF INSURANCE COMPANY TO MAKE CONDITIONS OF LIABILITY CERTAIN.—The insurance company had the right to make its liability depend upon the fact as to whether or not the plaintiff was immediately disabled by the injury from performing every duty pertaining to his occupation, and to take the case out of the category of such uncertainties as might be raised by experts, or oral testimony as to whether or not the final total disability was caused by the injury, or by other complications or conditions.

ID.—ASSENT OF INSURED TO CONDITIONS OF LIABILITY.—The insured assented to the conditions of liability fixed by the insurance company, when he accepted the policy containing them.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   John Hunt, Judge.

The facts are stated in the opinion of the court.

Chickering & Gregory, for Appellant.

Otto Irving Wise, and Louis Hirsch, for Respondent.

COOPER, P. J.—Plaintiff recovered judgment for $1,475 upon an accident insurance policy. This appeal is from the judgment on the judgment-roll with a bill of exceptions.

On January 2, 1903, the defendant issued to plaintiff an accident insurance policy, which provided that the company "does insure the person described in said schedule [the plaintiff herein] for the period of one year from noon, standard time, the day this contract is dated, against disability or death resulting directly, and independently of all other causes, from bodily injury sustained through external, violent and accidental means . . . (1) If said injuries shall immediately, continuously and wholly disable and prevent the insured from performing every and any kind of duty pertaining to his occupation, the company will pay . . . (3) If such injuries shall not wholly disable the insured, but shall prevent him from performing fully work essential to his duty or duties, the company will pay the insured. . . ."

On November 10, 1903, while the policy was still in force, the plaintiff received an injury, while on a railroad train at San Jose, by being bruised in the abdomen by coming in contact with a suit case. He returned to San Francisco, and thereafter went as usual to the office of the company by which he was employed, and attended to his duties there until December 1, 1903, when he became totally disabled from the injury he had received, and thereafter could not leave his bed for twenty-seven weeks. The complaint alleged that "in consequence of which said injuries he was totally disabled from performing any work whatsoever from and after the 1st day of December, 1903, and said total disability continued from said 1st day of December, 1903, to and including the 9th day of June, 1904, to wit, for a period of 27 weeks and 3 days." Among the special interrogatories submitted to the jury was the following: "How much time elapsed between the date of the accident complained of and the beginning of the continuous disability?" To the above interrogatory the jury answered "22 days." The question, and the only question, in the case is as to whether or not the defendant is liable under the total disability clause in the policy.

The policy is but a contract, and, like all other contracts, it must be construed from the language used; when the terms are plain and unambiguous, it is the duty of courts to hold

the parties to such contract.  The defendant agreed, in case the plaintiff by accident should receive a bodily injury, that "if said injury shall immediately, continuously and wholly disable and prevent the insured from performing every and any kind of duty pertaining to his occupation, the company will pay. . . . "  Plaintiff received a bodily injury.  The injury, however, did not immediately and wholly disable and prevent the plaintiff from performing every duty pertaining to his occupation.  The language is plain, and anyone can at once see that the plaintiff was not immediately disabled and prevented from performing the duties or part of the duties pertaining to his occupation.  The defendant had the right to make its liability depend upon the fact as to whether or not the plaintiff was immediately disabled by the injury from performing every duty pertaining to his occupation.  It had the right to take the question out of the category of such uncertainties as might be raised by experts, or oral testimony as to whether or not the final total disability was caused by the injury or by other complications or conditions.  It made its insurance policy with these conditions, and evidently fixed its rate or premium in accordance with the risk it assumed.  To these conditions the plaintiff gave his assent when he accepted the policy.  If he was not immediately disabled, he cannot in law or in morals hold the defendant liable.  If we were to adopt the rule contended for here by plaintiff, it would place such a contract in the realm of uncertainty.  If, where twenty-two days elapsed before the injury finally overpowered and disabled the plaintiff, we should hold that such disability was immediate, the same reasoning would apply if the period had been fifty days, and so on for months and perhaps years.  It is said by medical writers that cases have been known where a slight injury received in youth, from which the patient apparently recovered, has been the proximate cause of death in old age.  After days and months, and perhaps years, have elapsed it is evident that the question as to whether or not the injury of itself finally wholly disabled the party would be a question, at least in many cases, difficult to determine.  It might finally be solved in favor of the party who was most industrious in procuring witnesses, and particularly expert witnesses.  We are of opinion that it is a much safer rule to hold the parties to the plain, unambiguous reading of their contract.  The policy here contained a provision as to the lia-

bility for injuries which shall not wholly disable the assured; and this shows that the injuries insured against were of two classes.

The identically same provision in accident policies has been frequently construed by the highest courts of other states; and the great weight of authority is in favor of the conclusion we have reached in this case. One of the best considered cases is *Williams* v. *Preferred Mut. Accident Assn.*, decided by the supreme court of Georgia, 91 Ga. 698, [17 S. E. 982]. In that case the plaintiff was injured by a blow on the head caused by a restive horse which he was holding while the animal was being shod. The injury was at first quite trivial, but afterward became serious, and just thirty days, or one month, after the injury the plaintiff was taken to his bed and there confined for some time. The language of the policy was practically the same as in the present case, being "independently of all other causes, immediately, wholly and continuously disable . . . from transacting any and every kind of business pertaining to his occupation." The court held the company not liable, and said: "It would perhaps be going too far to say that in a policy like the present this word means precisely the same thing as instantly or momentarily, but it necessarily implies that the injury must be such that the insured cannot proceed regularly and in due course with his occupation; that he cannot go on with his work or business as if he had received no injury, and then upon becoming worse cease the transaction of his business or labor, and hold the company responsible for the loss of his time. It seems to us that there was excellent sense and reason in the employment of the words used in this policy, to prevent liability on the part of the company under just such circumstances as are disclosed in this case; and we are quite sure that this was deliberately intended by the draftsman. It often happens that considerable difficulty arises in determining whether or not a particular thing is the proximate or remote cause of an injury and its consequences; and to avoid this difficulty in the numerous and ever-varying cases which might arise, we think the company meant to have it understood that it would not be responsible for loss of time resulting from physical injury unless it was plain and manifest that the injury directly, alone, without delay, occasioned such loss of time, and that it would not be liable for

loss of time which might result from other intervening causes taking effect after the injury was actually received.''

The following additional cases are directly in point, and support the conclusion we have reached: *Vess* v. *United Benevolent Society of America,* 120 Ga. 411, [47 S. E. 942]; *Preferred Accident Assn. of America* v. *Jones,* 60 Ill. App. 106; *Pepper* v. *Order of United Commercial Travelers,* 113 Ky. 918, [69 S. W. 956]; *Merrill* v. *Travelers' Ins. Co.,* 91 Wis. 329, [64 N. W. 1039]; *Letherer* v. *Phoenix Mut. Acc. Assn.,* 145 Mich. 313, [108 N. W. 492]; *Letherer* v. *United States Health & Accident Ins. Co.,* 145 Mich. 310, [108 N. W. 491]; *Hagadorn* v. *Masonic Equitable Accident Assn.,* 59 App. Div. 321, [69 N. Y. Supp. 831]; *Continental Casualty Co.* v. *Wade* (Tex.), 105 S. W. 35. The latter case was decided by the supreme court of Texas on November 13, 1907, and is the latest reported authority to which our attention has been called. The court gave to a similar provision of an accident policy the same construction that we have given it in this case and that is given by the other cases cited herein.

The judgment is reversed.

Hall, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 4, 1909.