[No. 21204. *En Banc.* March 27, 1929.]

WARREN H. LEWIS, *Appellant*, v. PREFERRED ACCIDENT
INSURANCE COMPANY OF NEW YORK, *Respondent.*[1]

*Wendell W. Black,* for appellant.

*Murphy & Kumm* and *Orville C. Hatch, Jr.,* for
respondent.

MAIN, J.—By this action, the plaintiff sought to re-
cover upon an accident insurance policy for loss of
time and hospital expenses in the total sum of $233.92.
The cause was tried to the court without a jury, and
resulted in findings of fact and conclusions of law
denying a recovery. From the judgment entered, dis-
missing the action, the plaintiff appeals.

The appellant does not question the correctness of
the findings of fact, but objects to the conclusions
which the court drew therefrom. The facts, as found,
may be summarized as follows: Sometime between
August 25, 1924, and August 29, 1924, at some place in
the southwestern part of the state of Washington,

[1]Reported in 275 Pac. 707.

to wit, somewhere in or about the cities of Olympia, Aberdeen or Chehalis, or some of them, the exact time, place and manner being unknown, the appellant was infected, through food or drink, with certain germs known as typhoid bacilli. Thereafter, and within the usual and ordinary period of incubation, the typhoid bacilli created a toxin within the appellant's system which resulted in typhoid fever, with which he became ill on or about September 14, 1924. The appellant did not know that he had been infected with typhoid bacilli until on or about September 19, 1924. The action, as stated, was based upon an accident insurance policy.

It will be assumed, but not decided, that the facts stated show an accident within the meaning of the policy. If this be true, then the accident occurred when the typhoid bacilli entered the appellant's system, which was two and one-half or three weeks prior to the time that he became ill or knew that there had been an accident. Giving effect to this assumption for the purpose of this case, the appellant, for recovery, must rely upon a provision in the policy as follows:

"Or, if such bodily injury . . . shall directly, independently, and exclusively of all other causes and from date of accident, wholly and continuously disable . . . the company will pay . . ."

It will be observed that, under this provision of the policy, there is an agreement to pay, providing the bodily injury shall directly, independently and exclusively of all other causes and "from the date of the accident, wholly and continuously disable." The controlling question is whether it can be said that the appellant's disability, which did not occur until two or three weeks after the accident, if there were an accident, began "from the date" of the accident.

In *Williams v. Preferred Mut. Acc. Ass'n,* 91 Ga. 698, 17 S. E. 982, the plaintiff sought to recover upon an accident policy which provided that the bodily injury must, independently of all other causes, "immediately, wholly and continuously disable" the injured from transacting any and every kind of business pertaining to his occupation. It was there held that the word "immediately" was a word of time, and that, since more than thirty days elapsed from the time of the injury until the disability, there could be no recovery. It was there said:

"Treating the word 'immediately' as a word of time, we do not think that in the policy before us the period of time indicated by it is the same as that which would be expressed by the words 'reasonable time.' This word, when referring to something to be done voluntarily by human agency, may mean 'within a reasonable time,' or 'as soon as practicable,' and has often been construed, when used in policies of insurance, as having this meaning with reference to the time of giving notice or making a claim or the like. See, in Brown, Words, Phrases, beginning on page 179, an extract from the opinion delivered in *Lockwood v. Assurance Co.,* 47 Conn. 553, and the cases therein cited. Also, *Rokes v. Insurance Co.,* 51 Md. 512. Such a construction of the word 'immediately' with reference to an act to be done by the insured is perhaps sound, but in a case like the one at bar, where this word refers to a consequence resulting from a physical cause independently of the will or control of the insured, it cannot, when manifestly used as a word of time, have any such meaning. It would, perhaps, be going too far to say that in a policy like the present this word means precisely the same thing as 'instantly' or 'momentarily,' but it necessarily implies that the injury must be such that the insured cannot proceed regularly and in due course with his occupation; that he cannot go on with his work or business as if he had received no injury, and then, upon becoming worse, cease the transaction of his business or

labor, and hold the company responsible for the loss of his time. It seems to us there was excellent sense and reason in the employment of the words used in this policy to prevent liability on the part of the company under just such circumstances as are disclosed in this case, and we are quite sure this was deliberately intended by the draughtsman. It often happens that considerable difficulty arises in determining whether or not a particular thing is the proximate or remote cause of an injury and its consequences; and to avoid this difficulty in the numerous and ever-varying cases which might arise we think the company meant to have it understood that it would not be responsible for loss of time resulting from a physical injury, unless it was plain and manifest that the injury directly, alone, and without delay occasioned such loss of time; and that it would not be liable for loss of time which might result from other intervening causes, taking effect after the injury was actually received."

The cases of *Preferred Masonic Mut. Acc. Ass'n v. Jones,* 60 Ill. App. 106; *Merrill v. Travelers' Ins. Co. of Hartford,* 91 Wis. 329, 64 N. W. 1039; *Continental Casualty Co. v. Ogburn,* 175 Ala. 357, 57 South. 852; *Pepper v. Order of United Commercial Travelers of America,* 113 Ky. 918, 69 S. W. 956, and *Vess v. United Benevolent Society of America,* 120 Ga. 411, 47 S. E. 942, give the word "immediately," used in the same connection, a like meaning. The supreme court of the state of Kansas, in the cases of *Order of United Commercial Travelers of America v. Barnes,* 72 Kan. 293, 80 Pac. 1020, 82 Pac. 1099, 7 Ann. Cas. 809, and *Erickson v. Order of United Commercial Travelers of America,* 103 Kan. 831, 176 Pac. 989, holds that the word "immediately," when used in a similar connection, means within such time as the processes of nature consume in bringing the person affected to a state of total disability to prosecute every kind of business pertaining to his occupation. Under

the holdings of that court, a long time might exist between the date of the accident and the disability. The effect of that view is to give the word "immediately" the meaning of showing a causal connection between the accident and the resultant injury.

In the policy now before us, the word "immediately" is not used, but it is specifically stated that there can be no recovery unless, "from the date of the accident," there was complete and continuous disability. This language seems so plain as to not call for a construction. Its meaning is evident. It appears from the facts stated that the appellant did not become ill for more than two weeks after he was infected with the typhoid bacilli. He was not, therefore, from the date of the accident, wholly and continuously disabled. The facts do not bring him within the plain language of the policy. In the case of *Rorabaugh v. Great Eastern Cas. Co.*, 117 Wash. 7, 200 Pac. 587, with reference to like language in a policy it was said:

"Appellant also seems to lay some stress upon that portion of the policy which provides insurance against bodily injury caused by external, violent and accidental means, 'and which shall from the date of the accident result in continuous disability.' The policy evidently does not mean that there must be a disability from the very moment of injury, because in an injury of the character here involved, that would be impossible. But there was in this case a disability within the fair meaning and construction of the quoted words. The testimony shows that within twelve hours after the cutting of the finger the insured became sick, and that on the third day after his injury he took to his bed, which he never left."

It is undoubtedly true that, if the bodily injury results substantially from the date of the accident, the requirement of the policy is satisfied. It cannot be said that a disability which arose more than two weeks

after the accident, and of which the insured had no knowledge thereof until three weeks thereafter, occurred from the date of the accident.

The supreme courts of Kansas and Nebraska give the same meaning to "from the date of the accident," as the Kansas court did to the word "immediately" (*Rathbun v. Globe Indemnity Co.*, 107 Neb. 18, 184 N. W. 903; *Rabin v. Central Business Men's Ass'n.*, 116 Kan. 280, 226 Pac. 764), but we are unable to follow the reasoning or adopt the holding of those courts.

It is unnecessary to consider or determine the other questions discussed in the briefs, as there can be no recovery in this case for the reasons above pointed out.

The judgment will be affirmed.

MITCHELL, C. J., PARKER, FRENCH, and MILLARD, JJ., concur.

BEALS, J. (concurring)—Section D of the policy sued upon contains the following:

"The insurance hereunder shall not cover accident, injury, disability, death, or other loss, caused, directly or indirectly, by disease in any form."

Typhoid fever is a disease, even though caused by a germ which is practically always taken into the human system accidentally. In the case at bar, appellant claims compensation under his policy for disability caused by an attack of typhoid fever which he contracted, approximately three weeks before the disease matured, by eating contaminated food or drinking contaminated water, he does not know which, nor does he know exactly where or when the noxious germs entered his system. Appellant contends that, because disease caused by accident is not excluded from the operation of the policy, the portion of section D quoted does not apply. Appellant, however, seeks to recover for dis-

ability caused directly by disease. In my opinion, the provision quoted precludes any recovery on the part of appellant. As to whether or not recovery might be had, under such a policy as that under which appellant claims, in an instance where it appeared that typhoid or other germs were taken into the body of the insured as the result of some demonstrated accidental means, as was the case in *Christ v. Pacific Mutual Life Insurance Co.*, 312 Ill. 525, 144 N. E. 161, 35 A. L. R. 730, I express no opinion.

The majority adopt the rule laid down by this court in the case of *Rorabaugh v. Great Eastern Cas. Co.*, 117 Wash. 7, 200 Pac. 587, and agree that, if the injury results in disability substantially from the date of the accident, the insurer is liable. It seems to me, however, that, generally speaking, if the disability results directly from the accident, and within such time as, in the ordinary course of the processes of nature, the disability would result from the accident suffered, the time requirement of the policy now before us for construction should be held to be satisfied, and the rule laid down by the supreme courts of the states of Kansas and Nebraska in the cases cited in the majority opinion should be followed.

For the reasons stated, I concur in the conclusion reached by the majority.

FULLERTON, TOLMAN, and HOLCOMB, JJ., concur with BEALS, J.