[Civ. No. 5556.   Second Appellate District, Division One.—October 1, 1929.]

BETTY SMITH, Respondent, v. UNITED STATES NATIONAL LIFE & CASUALTY COMPANY (a Corporation), Appellant.

Kemp, Partridge & Kemp for Appellant.

Willis O. Tyler for Respondent.

HAHN, J., *pro tem.*—The action which gives rise to this appeal is one wherein the plaintiff and respondent brought suit against the defendant and appellant upon an accident policy, issued by defendant corporation to one Robert Smith, deceased husband of the plaintiff. The policy in question provided for monthly payments to the insured in the event of partial or total disability caused by an accident, and the payment of $600 to the wife of the insured in the event of death resulting from an accident. The action was filed by the plaintiff as surviving widow of the insured, named as beneficiary in the policy, and is based upon the claim that the insured met his death as the result of a dog bite. Judgment was rendered for the plaintiff for the sum of $600, from which judgment defendant has appealed.

It appears from the evidence that Robert Smith, the deceased, was bitten by his own dog on October 6, 1924. Surgical treatment was administered, but Smith, who was a cement worker, was incapacitated for work because of a badly lacerated thumb. On the day following the injury the deceased forwarded a written report to the insurance company, as required by his policy. In this report the deceased gave it as his opinion, based upon the advice of his doctor, that the period of his disability would be about twelve days. Dr. E. B. Lewis, his physician, in his report to the insurance company estimated the period of Smith's disability as twelve days. On or about October 12th, one J. C. Lane, an agent for the defendant insurance company, called to see Smith with a view to discussing the matter of payment for his injury. There were present at this conversation, besides deceased and Lane, Mrs. Smith and her daughter. Smith stated that he felt quite sure that he would soon be able to go back to work and would be satisfied

to accept compensation for twelve days at the rate of $2 per day for his disability. Thereupon Lane gave Smith a check for $24, and required that Smith sign a receipt, which in its wording acknowledged satisfaction in full for any claim arising out of the injury. The widow and daughter testified that the receipt was not read to or by Smith at the time it was signed. Lane testified, however, that he explained the conditions of the receipt to Smith.

On October 21st Smith returned to his regular employment and continued at his work daily until the twenty-sixth day of November, when he became ill and was taken to a hospital, where his case was diagnosed as hydrophobia. On November 29th he passed away. According to the testimony of his attending physician, death was the result of hydrophobia induced by the dog bite.

A few days after Smith's death, plaintiff and respondent called at the office of the insurance company for the purpose of filing a claim for the $600 which she claimed as beneficiary under the policy. Lane, the agent for the company, told her he could do nothing for her, for the reason that her husband had signed a receipt releasing the company from any other or future claim arising out of the dog bite. No written claim or proof of loss was filed. Fifty-four days after the death of the insured this action was filed.

The appellant urges four grounds for reversal of the judgment: First, that the evidence clearly shows that the death of the insured was not covered by the policy. Second, that the action was instituted prematurely. Third, that the insured prior to his death released the defendant from liability for the injury. Fourth, that the court failed to make a finding on a material issue, to wit: Whether or not deceased was continuously disabled from the time of the injury.

Inasmuch as we have concluded that the judgment must be reversed for the reasons urged by appellant in his first ground, we will confine our discussion to the points therein raised, which in effect cover the fourth assignment of error.

The evidence without conflict shows that the insured returned to his work two weeks after he suffered the injury and continuously followed his employment for a period of about five weeks thereafter. Plaintiff was entitled to recover, if at all, under the paragraph in the policy desig-

nated under the letter "C," and which, so far as is important for our consideration, reads as follows:

"If the injuries described in paragraph A shall, independently of all other causes, immediately, wholly and continuously from the date of accident disable and prevent the insured from performing every duty pertaining to his business or occupation and shall, during the period of such disability and within ninety days from date of accident, result in any one of the following specific total losses . . . the company will pay, in lieu of all other indemnity except that arising under paragraph N, . . . Life . . . Six Hundred and no/100 Dollars (the principal sum of this policy) . . . "

The language in the section just quoted clearly states that the payment for loss of life of the insured would be made only in the event that death resulted from the injury during a total disability, such disability following "immediately, wholly and continuously from the date of the accident." The evidence here shows without dispute that for five weeks between the date of the accident and his death the insured daily followed his regular occupation as a cement worker. Hence, the total disability required by the policy for the period between the injury and death was not continuous.

Respondent contends that because the effects of the hydrophobia were not made manifest until November 26th, from which date the insured was totally disabled until his death, the conditions of the policy were substantially met. We cannot agree with this view. If Smith, urged on by a spirit of industry, had returned to his work for a few hours or even a day or two, but found the pain suffered or his incapacity to be such as to prevent his continuing at his employment, it might well be urged that the abortive attempt to resume his work did not preclude him from claiming a "continued total disability." Smith's total period of inability to work between the accident and his death was about seventeen days, while the period he did work and so far as the record shows, without any inconvenience or pain, was a period of five weeks. No reasonable interpretation of the language referred to can bring Smith's death within the terms of the policy.

In the case of *Laventhal* v. *Fidelity & Casualty Co.*, 9 Cal. App. 275 [98 Pac. 1075], the plaintiff, who was the

insured, was injured in the stomach by coming in contact with a suitcase, as he was about to alight from a train. He continued with his regular business for a period of twenty-two days, when he was required to take to his bed by reason of his suffering, and for twenty-seven weeks thereafter was totally disabled. The policy under which he sought to recover compensation provided that the insured would be entitled to compensation where the injury "immediately and wholly disabled and prevented him from performing every duty pertaining to his occupation." This court held that in view of the fact that for twenty-two days after the injury the plaintiff was able to continue his employment, he was not entitled under his policy to recover for the disability he suffered.

In the case of *Vess* v. *United Ben. Soc. of America,* 120 Ga. 411 [47 S. E. 942], the court in considering a policy having similar language to that contained in the policy of *Laventhal* v. *Fidelity & Casualty Co., supra,* held that where the insured had been injured and continued at his employment for twenty-four days after the injury, although during that period he suffered from the injury and could not use his hands to any extent, he was not entitled to recover under the policy.

In the case of *Masonic Protective Assn.* v. *Farrar,* 73 Ind. App. 19 [126 N. E. 435], as also *Preferred Masonic Mutual Acc. Assn.* v. *Jones,* 60 Ill. App. 106, and *Letherer* v. *United States Health & Accident Ins. Co.,* 145 Mich. 310 [108 N. W. 491], similar provisions under substantially the same conditions have been interpreted to deny to the insured the right of recovery.

The cases cited by respondent are not in conflict with this interpretation of the terms of the policy, nor with the cases wherein a similar interpretation has been given to language of like import.

In view of our conclusion that upon the merits of the case, respondent is not entitled to recover under the policy, and the further fact that the inherent weakness in the evidence resting upon respondent's admission that the insured was not continuously disabled from the time of the injury, will preclude another trial of the case, we deem it unnecessary to discuss the other points raised by appellant.

The judgment is reversed.

Houser, Acting P. J., and York, J., concurred.