Frank A. Stateman, Appellee, v. Travelers Casualty Insurance Company, Appellant.

Gen. No. 40,071.

6

Opinion

filed June 13, 1938.

MEYER A. GINSBURG, of Chicago, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action on a policy of insurance issued to him by defendant to recover $80—$20 a week for four weeks—claiming he had been permanently disabled by·an accidental injury suffered while the policy was in effect. The case was tried before the court without a jury, there was a finding and judgment in plaintiff's favor for the amount of his claim, and defendant appeals.

The record discloses that October 9, 1936, while the policy was in force and effect, plaintiff suffered an accident in which his right leg was injured, and as a result of the injury he was totally disabled from October 30, 1936, to December 24, 1936. Plaintiff's leg was put in a cast on October 27, and the cast was not removed until December 10, during all of which time he was actually and continuously confined to his home.

Plaintiff has not appeared in this court, apparently because of the expense and the small amount involved.

Defendant contends that the judgment should be reversed because ''The material misrepresentations . . . as to a previous infirmity of varicose veins and which was by him denied in his application for an insurance policy with the defendant is such a material misrepresentation as to void the policy. At the trial of the cause it was stipulated and agreed between the parties that plaintiff had been suffering from varicose veins prior to his application for insurance with defendant.''

In his application plaintiff agreed ''to pay a policy fee of $5 and $1 per month thereafter.'' The application contained the following question and answer: ''12. Have you ever had paralysis, fits of any kind, or brain disorder, diabetes, hernia, varicose veins, or any bodily or mental infirmity, injuries or wounds, or suffered the loss of a limb or eye? No.''

Plaintiff, 53 years old, was a truck driver for Swift & Co., for 32 years. The application was not signed by the applicant, but his name was signed by his wife. He was injured ''Getting on truck when bumped leg against running board''; he was treated by Dr. Schallenberger, physician for Swift & Co.

We think the question whether plaintiff made a false answer as to his health was not presented to the trial court for decision. The record discloses that when counsel were stipulating the facts and introducing the policy and other documents in evidence, counsel for plaintiff said defendant contended ''that on that one

question and answer in the application the man said he did not have varicose veins and now they contend that he did have, and we admit he did have. He didn't sign the application. Therefore, it is binding on the company.'' Counsel for defendant replied, ''The real contention in this matter I believe is overlooked by counsel for the plaintiff. You will notice that the policy attempts to define what shall constitute disability as to allow him to recover.'' He then read from a provision of the policy, which will be hereinafter referred to, which he contended provides that total disability must immediately follow the injury; and the latter point was the one defense made. But even if we assume that the point was properly saved, we think defendant's contention cannot be sustained for the reason that plaintiff did not sign the application. It was signed by his wife, and defendant saw fit to issue the policy and collect the premium without further information. Furthermore, there was no evidence that the varicose veins in any manner caused plaintiff to be totally disabled, as counsel for defendant contends. He bases his contention on the sworn statement made by the attending physician, Dr. Schallenberger in the blank of defendant Insurance Company submitted to him, in which he answered questions as to his treatment of plaintiff and what he found.

The question and answer relied upon are as follows: ''Is the claimant now, or has he ever been affected by, or subject to any previous injury, or any constitutional or local disease, deformity, infirmity or weakness, either acute or chronic? If so, to what extent did the same contribute to cause the accident or prolong or increase the disablement? Varicose veins in legs.'' Counsel argues that this answer, made by the physician, ''is a direct admission that the disability occasioned by the plaintiff was not independent and exclusive of all other causes.'' A reading of the question

and the answer made by the doctor, which we have quoted, shows that the answer is no answer at all. Two questions are included in question 20. One is, "has the applicant ever been affected or was he now affected by any previous injury or any constitutional or local disease," etc.; the other is, "if so, to what extent did such injury or disease contribute to the accident?" The one answer was, "Varicose veins in legs," which did not answer the questions at all. The alleged question 20 is so complicated that it could not be answered by any physician in the space of one line, provided for the purpose. Defendant having prepared the blank is in no position to urge the point made.

But defendant's contention, as made on the trial, was that no recovery could be had because plaintiff was injured October 9, but did not become totally disabled until October 30, the policy providing that no recovery can be had unless plaintiff was totally disabled at the time of the injury.

Section 1 of the policy for "specific losses" provides: "If the Insured shall, through violent, external and accidental means, sustain bodily injuries as described in the Insuring Clause, which shall, independently and exclusively of sickness and all other causes, *immediately,* continuously and wholly disable the Insured from the date of the accident and result in any of the following specific losses within thirty days, the Company will pay, in lieu of all indemnity:" then follow the amounts to be paid for loss of life, both eyes, etc.

Section 3 provides, "If the Insured shall through violent, external and accidental means, independently and exclusively of all other causes, not sustain any specific losses as provided in Sections One and Two but shall become totally disabled and shall be actually, necessarily and continuously confined for not less than two successive weeks in the necessary charge of a le-

gally licensed physician who shall professionally attend the Insured at least once each seven days, the Company will pay indemnity at the rate of Twenty Dollars ($20.00) per week, beginning the eighth day after the commencement of such total disability and a like sum for each successive week during the continuance of such total disability." Then follows sec. 4, where provision is made for "Confining Sickness Indemnity." Following sec. 4 is the provision upon which defendant relies to relieve it of liability,— "PROVIDED, however, that the only evidence of such total disability of the continuance thereof admissible in any action against the Company at law or in equity shall be proof of the actual, immediate, continuous and necessary confinement of the Insured." From this provision counsel argues that since plaintiff was not immediately wholly disabled, having been injured October 9 and not totally disabled until October 30, there is no liability under the policy, and in support of this cites *Merrill v. Travelers Ins. Co.*, 91 Wis. 329; *Shambaugh v. Great Northern Life Ins. Co.*, 131 Neb. 415; *Southern Surety Co. v. Penzel*, 164 Ark. 365; *Martin v. Travelers Ins. Co.*, 310 Mo. 411; *Johnson v. Travelers Ins. Co.*, 269 N. Y. 401; *Preferred Mut. Acc. Assoc. v. Jones*, 60 Ill. App. 106, and *Genna v. Continental Cas. Co.*, 167 Ill. App. 413. We think none of these cases is in point.

In the *Merrill* case, the accident happened August 18, 1893, and the insured became wholly disabled October 20, 1893. The policy insured plaintiff against loss of time resulting from bodily injury "which should independently of all other causes, immediately and wholly disable him from transacting any and every kind of business pertaining to his occupation." It was held that plaintiff's total disability having occurred after the injury, no recovery could be had.

In the *Shambaugh* case the policy provided that plaintiff would be paid insurance for bodily injuries if

the insured was "continuously disabled . . . from the date of the accident," and that since plaintiff sustained a scratch on the back of his neck on November 28 and did not become totally disabled until December 12, it was held there was no liability under the policy.

In the *Penzel* case, the Supreme court of Arkansas was called upon to construe an accident policy by which it was agreed to indemnify the insured if he was wholly disabled "from the date of the accident," and it was held that since the insured did not become totally disabled until three days after he was injured, he could not recover.

In the *Martin* case, where the policy provided that, "If such injuries shall wholly and continuously disable the insured from date of accident," it was held that no recovery could be had where the insured became totally disabled three days after the accident.

In the *Johnson* case, the court of appeals of New York in construing an accident insurance policy, insuring plaintiff against loss of time resulting from accidental bodily injuries which shall "wholly and continuously disable the Insured from date of accident," held plaintiff could not recover since the evidence showed that for five weeks after the accident he performed all the duties of his employment.

In the *Jones* case the Appellate Court of this State was called upon to construe an insurance policy providing for payment for accidental injuries "resulting from bodily injuries incurred . . . which shall, independently of all other causes, immediately, wholly and continuously disable him from transacting any and every kind of business pertaining to his occupation." Plaintiff was accidentally injured by violently striking his head in passing through a cellar door, "but although suffering pain he continued to perform his duties as salesman for the space of five days," when he became wholly disabled. It was held that no recovery could be had.

In the *Genna* case the insured was accidentally injured January 28, and the injury resulted in erysipelas from which the insured died February 7, following. The court held that since the policy provided that if the insured was accidentally injured and was totally disabled "at once" there was no liability.

It will be noted that each of the policies in the cases cited expressly provides that no recovery could be had unless the insured became totally disabled at the time of the injury, and that is the construction sought for by the defendant here. But we think the policy in question ought not to be so construed.

Section 1, from which we have above quoted, provides that if the insured was accidentally injured and became *immediately* wholly disabled, the company would pay, etc., while in section 3 of the policy, which we have quoted and which is the provision under which plaintiff seeks to recover here, it is provided that if the insured is accidentally injured and becomes totally disabled, etc., the insured will be indemnified at the rate of $20 a week. There is no provision that the total disability must occur at the time of the accident. Following section 3 is section 4, and following that is the provision on which defendant relies. That proviso is that "the only evidence of such total disability of the continuance thereof admissible in any action . . . at law or in equity shall be proof of the actual, immediate, continuous and necessary confinement of the Insured." This provision attempts to control the admissibility of evidence in an action at law or suit in equity. Obviously a court cannot be controlled by any such provision. We have heretofore held that a policy of insurance should be short, plain, and not involved, (*Kiefer Tanning Co. v. Alliance Ins. Co.,* 266 Ill. App. 362; *Wisz v. Metropolitan Life Ins. Co.,* 277 Ill. App. 343; see also *Kelley v. Boettcher,* 85 Fed. 55) ; that insurance policies should be construed as other contracts if they are plain

and unambiguous; but where ambiguous they are to be construed most strongly against the company which prepares and issues them. *Jabara v. Equitable Life Ins. Co.*, 280 Ill. App. 147.

In the instant case there is no requirement in section 3 of the policy that the insured must be totally disabled at the time of the accident before the company will be liable. Defendant seeks escape from liability by inserting a provision in this policy that attempts to control the admissibility of evidence in a court of justice. This cannot be done.

The judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*

McSurely and Matchett, JJ., concur.