Merrill, by guardian *ad litem*, Appellant, vs. The Travelers' Insurance Company, Respondent.

*October 23 — November 8, 1895.*

*Accident insurance: Construction of policy: "Immediately."*

1. In an accident policy insuring against loss of time resulting from bodily injury effected through external, violent, and accidental means, which should, "*independently* of all other causes, *immediately* and wholly disable" the insured from transacting any and every kind of business pertaining to his occupation, the word "immediately" does not mean "proximately," in the sense of causation, but expresses proximity of time with the injury, and is used in the sense of "presently, without lapse of time or material delay."

2. In construing a policy of insurance, some particular operation, effect, and meaning should be assigned to each sentence, phrase,

and word used, and when this may fairly and properly be done no part of the language used can be rejected as superfluous or unmeaning.

3. The rule that where reasonably intelligent men would honestly differ as to the meaning of the policy the doubt should be resolved against the insurer, cannot apply where the doubt is raised by disregarding the foregoing rule of construction.

APPEAL from a judgment of the superior court of Douglas county: CHAS. V. BARDEEN, Judge.   *Affirmed.*

This action was upon two certain policies of accident insurance of $650 each, issued by the defendant to the plaintiff, the material provisions of which are identical.   It is alleged that the defendant insured the plaintiff, by occupation a railroad superintendent, October 21, 1890, for the term of twelve months from noon on that day, "in the sum of twenty-five dollars per week against loss of time not exceeding twenty-six consecutive weeks, resulting from bodily injury effected during the term of said insurance through external, violent, and accidental means, which should, *independently of all other causes, immediately and wholly disable him* from transacting any and every kind of business pertaining to his said occupation;" and it was alleged that this insurance was renewed and continued in force October 21, 1891, until October 21, 1892, when it was again renewed until October 21, 1893, and it was then renewed until October 21, 1894.   It was alleged that, in consideration of the premiums paid by the plaintiff to it, the defendant would pay to the plaintiff the sum of $25 per week for each week, not exceeding twenty-six consecutive weeks, during which said plaintiff was immediately and wholly disabled from transacting any and every kind of business pertaining to his occupation, as in the contract stated, by means of bodily injury through external, violent, and accidental means, independent of all other causes; and that August 18, 1893, during the continuance of the said policy, the plaintiff met with

an accident from which he received bodily injuries through external, violent, and accidental means; that while walking on the marble floor of the office building of the Great Northern Railway Company the plaintiff accidentally slipped and fell upon such floor, striking heavily on the same upon his hip and back, whereby his spinal column came violently in contact with the floor, and by reason thereof, and independently of all other causes, he was bruised, wounded, and crippled, and he was thereby immediately and wholly disabled from transacting any and every kind of business pertaining to his said occupation; that at said time he was advised and informed that he would speedily recover from such injuries, and would not be wholly disabled from attending to his said work, or disabled for such a length of time as to render it beneficial or practicable to ask indemnity therefor from the defendant; that *thereafter, and until October 20, 1893, he was not wholly disabled* from performing his work, but able to be up and around and attend to it a part of the time; that on the day last mentioned he suffered a stroke of paralysis which completely paralyzed the whole right side of his body, including the spinal cord, *medulla oblongata,* and brain, causing partial mental unconsciousness and total loss of muscular power in all the parts affected; that such paralysis and effects thereof were caused solely by the said accident of August 18, 1893, and independent of all other causes; and that from October 20, 1893, and during a period of thirty-eight consecutive weeks, he was and had been immediately, wholly, and continuously disabled from performing any and every kind of business pertaining to his said occupation, and had been continuously confined to his bed.

It is alleged that it was provided in the contract that "immediate notice, with full particulars, with full name and address of insured, should be given to the defendant at Hartford of any accident or injury for which claim was made," and that such notice was given November 6, 1893; and

matters in excuse of delay to furnish an earlier statement were set forth; and it is further alleged that proofs of loss were furnished November 20, 1893.

The defendant put in an answer contesting the claim, and at the trial the defendant objected to the introduction of any evidence upon the part of the plaintiff, on the ground that the plaintiff's complaint did not state facts sufficient to constitute a cause of action. The court sustained the objection, and gave judgment dismissing the complaint with costs, from which the plaintiff appealed.

For the appellant there was a brief by *Murphy & Bundy* and *F. H. Remington*, and oral argument by *Mr. Remington*.

For the respondent there was a brief by *Knowles, Dickinson, Buchanan, Graham & Wilson*, and oral argument by *S. N. Dickinson*. They cited *Williams v. Preferred Mut. Acc. Asso.* 91 Ga. 698; *Saveland v. Fidelity & C. Co.* 67 Wis. 174; *Rhodes v. Railway P. Ins. Co.* 5 Lans. 71; *Lyon v. Railway P. Ass. Co.* 46 Iowa, 631.

PINNEY, J.   The vital question for determination is whether, in the stipulation of the policies insuring plaintiff against loss of time resulting "from bodily injury effected during the term of such insurance through external, violent, or accidental means, which should, *independently of all other causes, immediately and wholly disable* him from transacting any and every kind of business pertaining to his said occupation," the word "*immediately*" refers to proximity of time with the injury, and is used in the sense of "presently, without lapse of time or material delay," or whether, as thus used, it means "proximately" in the sense of causation, and that the accidental injuries of the plaintiff were the proximate cause whereby he was wholly disabled, and without reference to the time when such disability ensued.   We think that the word "*immediately*" was used in the former sense, and as meaning that the disability contemplated in order to give

the plaintiff a claim for compensation under the policies must have ensued so closely upon the accident that he was wholly disabled from proceeding and transacting the business of his occupation regularly and in its due and proper course. This appears to be the natural and obvious meaning, and what was understood and intended by the parties, in view of the situation and subject matter and nature of the contract.

Policies of insurance are framed probably with greater care and stricter attention to the language employed than almost any other kind of contracts, and each sentence, phrase, and word has an appropriate office and definite meaning. The rule of construction is that some particular operation, effect, and meaning must be assigned to each sentence, phrase, and word used, and when this may fairly and properly be done no part of the language used can be rejected as superfluous or unmeaning. The rule is an important and familiar one. In order that the consequences of the accident may afford the basis of a claim under the policy, the external, violent, and accidental means must be — first, "independently of all other causes," and in this we have proximity of causation; secondly, "immediately," expressing proximity of time with the accident; and, thirdly, "wholly disable" the claimant from transacting any and every kind of business pertaining to his occupation. The construction insisted upon by the plaintiff makes the use of the word "immediately" tautological, and a mere unnecessary repetition of what is clearly embraced in the phrase "independently of all other causes." Unless the word "immediately" is used in the sense we have ascribed to it, it serves no purpose whatever; but under the construction that it is used to express proximity of time, as above indicated, to the accident, every word in the stipulation fulfills a natural, consistent, and appropriate purpose, and the contract is clear and certain in its meaning.

The disability to transact any and every kind of business

pertaining to the plaintiff's occupation must not only have been *immediate*, but total.    Partial or limited disability will not suffice.    The language of the policy is entirely free from doubt in this respect, and, if authority be needed on this point, the case of *Saveland v. Fidelity & C. Co.* 67 Wis. 174, where the policy on this point was identical with the provisions of the policy in question, is conclusive.    Here the plaintiff was not *immediately* and *wholly* disabled from transacting any and every kind of business pertaining to his occupation.    Total disability did not occur until October 20, 1893, about two months after the accident.

It is contended that the word " immediately " may properly mean within a reasonable or practicable time, under all the circumstances of the particular case; and cases in regard to giving notice of loss under insurance policies to that effect are relied on.    Wood, Ins. (2d ed.), 185; *Lockwood v. Middlesex Mut. Ass. Co.* 47 Conn. 566; *Edwards v. Lycoming Co. Mut. Ins. Co.* 75 Pa. St. 378; *Cashau v. N. W. Nat. Ins. Co.* 5 Biss. 476; *Railway P. Ass. Co. v. Burwell*, 44 Ind. 460; *Rokes v. Amazon Ins. Co.* 51 Md. 519; and many other cases,— show that it is sufficient if notice is given within a reasonable period and as soon as practicable; but in all these cases the period within which the event was to occur or the act was to be done depended upon human effort and human diligence.    Where the consequence or event must ensue *immediately* after a physical cause, such as the accident in hand, there is no ground for applying this rule, but the connection of the result with the cause must inflexibly occur immediately, as stipulated, or the consequent loss will not be within the policy.    The policies in suit provide that *immediate* notice, with full particulars, with full name and address of insured, shall be given to the company of any accident or injury for which claim is made; and doubtless these authorities would control as to the proper meaning and effect of this provision.

It was also insisted that, where reasonably intelligent men would honestly differ as to the meaning of the policy, the doubt should be resolved against the insurer (*Kratzenstein v. Western Ass. Co.* 116 N. Y. 54, 59; *U. S. Mut. Acc. Asso. v. Newman,* 84 Va. 52, and cases cited); but this rule cannot apply where the doubt is raised by disregarding a well-established rule of construction, whereby an important word or phrase is rendered insensible of meaning or superfluous. The language of the policy is to be construed according to its natural meaning and its ordinary and usual signification, unless such construction would render the words senseless or it is evident from the general scope and intent of the instrument that they were used in some other sense. It is well understood that insurance policies are framed so as not to assume or stipulate for any greater risk than is strictly necessary to realize premiums, and with the intent and purpose that any liability claimed under the policy may be investigated, the facts ascertained, and claim adjusted before subsequent facts or other causes intervene so as to engender doubt or dispute likely to lead to litigation as to the liability of the insurer. It would be an unreasonable construction, and extremely embarrassing and burdensome to the company, to hold that a total disability, alleged to have been developed and made manifest after almost any length of time, when the relation between the accident and the injury has become obscure or difficult to be traced, owing to intervening events or causes, would afford a foundation for recovery under a policy so clearly and plainly expressed as the policies in question. These provisions, both as to the proximate and exclusive cause of injury and the time when the disability must occur, were framed, no doubt, so that claims might be speedily adjusted, and any reasonable ground for contention, such as the plaintiff makes in the present case, might be avoided.

The conclusion at which we have arrived is supported by

a recent case, strictly in point, where the question was carefully and well discussed. *Williams v. Preferred Mut. Acc. Asso.* 91 Ga. 698. Upon the facts disclosed in the complaint we hold that it was properly dismissed.

*By the Court.*—The judgment of the superior court is affirmed.