## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### BIXLER V. MODERN WOODMEN OF AMERICA.

#### November 16, 1911.

Absent, Cardwell, J.

1. BENEFIT SOCIETIES—*Membership—Notice of By-Laws—Forfeiture—Case at Bar.*—A person who takes out a policy in a mutual benefit society becomes a member of the society, and is bound by the rules and provisions of its charter and the by-laws lawfully made in pursuance thereof, and is conclusively presumed to have knowledge of them all, and hence is charged with knowledge of the limitation upon the powers of the agents of such company found in its by-laws. In the case at bar, a suspended member of a benefit society was entitled to reinstatement within sixty days from the date of his suspension upon payment to the clerk of the local camp of all fines, dues and assessments, provided he was at the time of such payment in good health. He made the payment within the sixty days, but both he and the clerk knew that he was not then in good health, and that he had no right to make such payment, nor the clerk to receive it, and that the clerk had no power to remit or waive any provision of the policy. The defendant company received the arrearages in ignorance of the facts. The member died within two weeks.

   *Held:* Upon the facts of this case the payment of his arrearages to the clerk of the local camp, and its reception by the clerk did not have the effect of re-instating the assured as a member of the society, and the receipt by the society of said arrearages in ignorance of the facts did not waive the forfeiture, nor estop the society from setting it up as a defense to an action on the policy.

Error to a judgment of the Circuit Court of Augusta county in an action of assumpsit. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Carter Braxton,* for the plaintiff in error.

*Timberlake & Nelson* and *Truman Plantz,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This action was brought by Mrs. Savannah Bixler against the Modern Woodmen of America, a beneficial organization, upon a policy of insurance or benefit certificate issued to her husband, W. A. Bixler, and payable to her on his death.

The principal question involved in the case is whether or not the insured, who had been suspended for the non-payment of his dues, had been reinstated by the payment of such dues to the clerk of the local camp.

Upon a demurrer to the evidence, by the defendant, there was a judgment in its favor. To that judgment this writ of error was awarded.

It appears that in the year 1907 the husband, who was at that time in good health, became a member of the defendant company and obtained a benefit certificate therein payable to his wife at his death. He paid his dues and assessments until the levy for the month of March, 1910, became due and payable, when he defaulted and on that account was regularly suspended in accordance with the by-laws of the defendant company. On the 23rd day of April following Bixler inquired by 'phone of Todd, the clerk of the local camp of which he was a member, what was due from him, and was informed that he owed for the months of March and April; whereupon he paid the same to Todd without anything being said by either as to the condition of Bixler's health. On the 26th of April Bixler received notice from the defendant company's home office, calling his attention to the fact that he had been reported by the clerk of his local camp as suspended for the non-payment of his

March dues; that his suspension had been recorded; and that from April 1st his certificate was null and void, but stated that if he had been reinstated since that date the notice of his suspension might be disregarded. On the 6th of May, Bixler, who had been suffering from chronic diabetes for two years or more, a fact known to both the insured and Todd, the clerk of the local camp, died suddenly of "diabetic coma." None of the directors or other officers of the defendant knew anything about Bixler's payment of his arrearages until after his death. The clerk of the local camp was instructed not to receive the May dues from Bixler's estate, and the defendant after this action was instituted (which was, as claimed by the defendant, before it had finally passed upon the validity of the claim) offered to return the amount of the March and April dues, but the tender was refused.

The provisions of the by-laws of the defendant company bearing upon the reinstatement of a suspended member and the powers and duties of the clerk of the local camp, so far as applicable to the facts of this case, are found in sections 39, 56, 278, 287 and 291, which are as follows:

"Sec. 39. *No Waiver of Any By-law.*—No officer of this Society, except as provided in section 108 hereof, nor any local camp officer, is authorized or permitted to waive any of the provisions of the by-laws of this society which relate to the contract between the member and the society, whether the same be now in force or hereafter enacted."

"Sec. 56. *Reinstatement Within Sixty Days After Suspension for Non-Payment of Assessments, Fines, or Dues.*— Any member suspended for the non-payment of assessments, fines, or dues, if not engaged in any of the prohibited occupations mentioned in section 12 hereof, may be reinstated by payment, within sixty days from the date of suspension, of all arrearages of every kind, including current assessment and all fines, dues, and assessments for

which he would have been liable had he remained in good standing; provided, however, that he be in good health at the time of reinstatement; provided, further, that the receipt and retention of such assessments or dues in case the suspended neighbor is not in good health, or is engaged in any such prohibited occupation, shall not have the effect of reinstating said member or entitling him or his beneficiaries to any rights under his benefit certificate."

"Sec. 278. *Shall Receipt for Moneys and Pay to Banker.*—The clerk shall receive and receipt for all moneys paid in accordance with the provisions of these by-laws, and shall pay over all moneys by him so received to the banker as often as each regular meeting of his camp, taking the receipt of the banker therefor."

"Sec. 287. *Clerk Declared to be Agent of Local Camp.*— The clerk of a local camp is hereby made and declared to be the agent of such camp, and not the agent of the society, and no act or omission on his part shall have the effect of creating a liability on the part of this society, or waiving any right or immunity belonging to it."

"Sec. 291. *Shall Not Collect or Receive Assessments from a suspended Beneficial Member.*—The clerk shall not knowingly collect or receive either assessments or dues from a beneficial member who has become suspended for nonpayment thereof, if at the time tender was made the member was in impaired health. The receipt of assessments or dues contrary to the provisions of this section shall be unavailing in favor of the defaulting member, and such clerk shall forfeit his membership in the society for such violation."

A person who takes out a policy in a mutual benefit society becomes a member of the society and is bound by the rules and provisions of its charter and the by-laws lawfully made in pursuance thereof, and is conclusively presumed to have knowledge of them all. *Knights of Columbus* v. *Burroughs,*

107 Va. 671, 60 S. E. 40, 17 L. R. A. (N. S.) 246, and authorities cited.

This being so, the insured is charged with knowledge of the limitation upon the powers of the agents of such company found in its by-laws. *Knights of Columbus* v. *Burroughs, supra,* and authorities there cited.

Under the by-laws Bixler was entitled to be reinstated within sixty days from the date of his suspension by the payment to the clerk of the local lamp of all fines, dues and assessments for which he would have been liable had he remained in good standing, provided he was at the time of such payment in good health.

By section 56 of the by-laws it is provided that the receipt and retention of such arrearages "in case the suspended member is not in good health . . . shall not have the effect of reinstating such member or entitle him or his beneficiary to any rights under his benefit certificate"; and by section 291 the clerk of the local camp is expressly prohibited from knowingly collecting or receiving either assessments or dues from a member who has been suspended for non-payment thereof, "if at the time the tender was made the member was in impaired health," and declares that the receipt of such dues contrary to the provisions of the section "shall be unavailing in favor of the defaulting member, and such clerk shall forfeit his membership in the society for such violation."

Bixler being, as we have seen, conclusively presumed to have knowledge of these provisions, knew when he paid the arrearages in his then condition of health, that he had no right to make such payment, and that the clerk of the local camp had no right to accept it, and that such payment could not have the effect of reinstating him as a member of the society.

It is further provided by the by-laws (sections 39 and 287) that the clerk of the local camp is not authorized or

permitted to waive any of the provisions of the by-laws of the society which relate to the contract between the member and the society and that no act or omission of such clerk shall have the effect of waiving any right or immunity belonging to the society.

In *Knights of Columbus* v. *Burroughs, supra,* the effect of by-laws limiting the power of a local council of a beneficial association was very carefully considered. In that case the member had failed to pay his assessments as required by its constitution and by-laws, and had *ipso facto* forfeited his membership. The subordinate or local council undertook to make good his delinquencies without complying with the by-laws of the society. It was held in that case, upon careful consideration and the examination of many authorities, that the local council in its undertaking to make good the delinquencies of its members was acting without authority; that in so doing it was the agent of its members and not of the society; and that the society having received the money in ignorance of the facts had not waived the forfeiture and was not by its conduct estopped to set it up as a defense to the action.

In *Modern Woodmen of America* (the defendant in the case under consideration) v. *Tevis* (C. C. A.), 117 Fed. 369, the powers and duties of the clerk of a local camp in receiving arrearages from a suspended member and the effect of his action in receiving such arrearages in violation of the by-laws upon the rights of the society or head camp were considered. In that case, which is quoted from in the opinion of the court in *Knights of Columbus* v. *Burroughs, supra,* it was held, in passing upon the same by-laws as are involved in this case, that the clerk of the local camp is the agent of the head camp to collect and remit the benefit assessments in accordance with the terms of the by-laws; that his authority is limited by the by-laws, and the members and beneficiaries are charged with knowledge

of those limitations, because they are a part of their contract; and that the clerk of the local camp has no authority by contract, estoppel or waiver to bind the society to its members or beneficiaries, either by extending the time of payment of a benefit assessment or by waiving default in its payment or by reinstating a suspended member without a warranty of good health, in the absence of notice or knowledge of such acts and acquiescence therein by some of the principal officers of the head camp."

The conclusion reached in that case upon the validity and effect of the same by-laws that are involved in this case is in accord with the principles of our own decisions and with the decisions of courts of other States. See *Knights of Columbus* v. *Burroughs, supra,* and authorities cited. See also *Lyon* v. *Supreme Assembly, &c.,* 153 Mass. 83, 26 N. E. 236; *Kennedy* v. *Grand Fraternity,* 36 Mont. 325, 92 Pac. Rep. 971, 25 L. R. A. (N. S.) 78.

Under these authorities it is clear, we think, that upon the facts of this case the payment of his arrearages by Bixler and their reception by the clerk of the local camp did not have the effect of reinstating the insured as a member of the defendant company, and that the defendant or head camp having received the said arrearages in ignorance of the facts did not waive the forfeiture and was not by its conduct estopped from setting it up as defense to this action.

The judgment complained of must be affirmed.

*Affirmed.*