## MASONIC PROTECTIVE ASSOCIATION *v.* FARRAR.

[No. 10,262.   Filed March 12, 1920.]

INSURANCE. — *Accident  Insurance.—Policy.—Construction.—"Im-
mediately and Totally Disabling."*—Where an accident insur-
ance policy provided for the payment of a stipulated weekly
indemnity in event of accidental injuries to insured due to
violent, external, and involuntary causes, if such injuries were
"immediately and totally disabling," and it appeared that in-
sured sustained an injury to his knee while jumping from his
room in a burning hotel on the night of January 30, that he
was a locomotive engineer and continued to work as such until
February 23, that he consulted with a physician on February

26, and was directed by him to remain at home until he recovered from the injury to his knee, the injury was not "immediately and totally disabling" within the terms of the policy.

From Dubois Circuit Court; *John L. Bretz,* Judge.

Action by John P. Farrar against the Masonic Protective Association. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Leo H. Fisher,* for appellant.
*R. W. Armstrong,* for appellee.

ENLOE, J.—This action was begun by appellee against appellant before a justice of the peace, upon a complaint in one paragraph, to recover benefits alleged to be due the appellee upon a policy of accident insurance.

From the judgment rendered by such justice, an appeal was taken to the Dubois Circuit Court, where the cause was submitted to the court for trial, resulting in a finding and judgment against appellant for the sum of $150. A motion for a new trial having been duly filed and overruled, this appeal is prosecuted, and the overruling of said motion is the only error assigned, and the only reasons stated in said motion which we need consider are: (1) That the decision is contrary to law; and (2) is not sustained by sufficient evidence.

The only part of the complaint which we need to consider is that relating to the promise of the appellant to the appellee, and which is in substance as follows: That by said policy said appellant did promise to pay to appellee, in the event of accidental injury due to violent, external and involuntary causes, and which should totally disable appellee, the sum of $50 per week, for a period not to exceed ten weeks, if the appellee should receive his said injury while a guest in any public hotel. A copy of the policy was filed with the complaint, as an exhibit, and expressly made a part thereof. The

complaint further alleged that on January 30, 1917, while said policy was in force, the appellee, while a guest in a public hotel in the town of Cannelton, Indiana, received an injury in endeavoring to escape from said hotel in the nighttime, by reason of said hotel being then and there on fire; and that the injuries were due to violent, external and involuntary causes, and that said injury was an accident insured against by said policy. There are further allegations concerning the extent of the disability, but, as the sufficiency of the complaint was not questioned, we need not further refer to the allegations thereof.

The particular clause in the policy relied upon by appellee, for a recovery in this case, was the following, viz.:

"Special Indemnity.

"D.—If immediately and totally disabling injuries described in Clause A shall be received by the insured (1) while * * *, or (2) while a guest in any public hotel * * * and while, in consequence of the burning thereof, attempting to escape therefrom the Association will pay, in lieu of any other indemnity, and for a period not to exceed ten weeks, a special indemnity of Fifty Dollars, for each entire week of total disability."

Clause "A," to which reference is made in Clause "D," *supra,* was as follows, viz.:

"A. For disability resulting solely from accidental injuries due to violent external and involuntary causes and leaving visible marks of wounds, fracture or dislocation upon the body of the insured, and which shall alone and continuously from the date of the accident totally disable the insured and require the regular and personal attendance of a qualified physician, the association will pay * * *."

Before the insured would be entitled to claim any benefits under the above clauses certain things must concur, viz.: (1) The disability must result solely from

accidental injuries due to violent, external, and involuntary causes; (2) the causes must be evidenced by visible marks of wounds, fracture, or dislocation, upon the body, etc.; (3) which shall alone and continuously, from the date of the accident, totally disable the insured and require the regular and personal attendance of a qualified physician; and, under Clause "D" (4), the injuries must be *immediately and totally disabling.*

The appellee testified as a witness in his own behalf. His testimony was in substance, so far as the same is material to be considered in passing upon the questions involved in this appeal, as follows: "On the night of January 30, 1917, I was a guest at the Sunlight Hotel, in Cannelton, Indiana; at about one o'clock at night, I was awakened by one of the servants who told me to get out, that the hotel was on fire. I was sleeping in a room on the third floor. When I got up I found that the stairway had burned out; it was all aflame and I couldn't go that way; there was just one way to get out and make my escape; I jumped; I lit on the roof of a house another story below; I hurt my knee; I am a locomotive engineer; my knee begun hurting me that night; I went ahead running my engine; my knee kept getting worse from that night; I limped around; I continued working, running my engine from the time of the fire up to the 23rd of February; I went to see Dr. McKinney on February 26; he treated me for something like three weeks, during which time I was confined to the house, except when I went to his office for treatment."

If the case made by the appellee, giving all testimony offered in his behalf its most liberal construction, is not sufficient to support the decision of the court, then this cause must be reversed.

It will be noted that under the terms of the policy in suit, before a party can claim the benefits of clause "D," the injury must be *immediately and totally disabling.*

A question similar to the one now under consideration was before the court in *Preferred, etc., Association* v. *Jones* (1894), 60 Ill. App. 106, and in that case the court in passing upon the sufficiency of the declaration said: "Appellant insists it is substantially defective in failing to show that the alleged injury did *immediately* disable appellee. It is plain that the parties intended to limit those covered by it to a class identified and distinguished by the means causing and the effect following them, as therein described. The latter are so described by the verb 'disable,' qualified by the adverbial phrase, 'independent of all other causes,' and the adverbs 'immediately,' 'wholly,' and 'continuously.' These are all terms of essential description, and if they respectively indicate different but consistent characteristics of the thing described, they are alike material, and each is so much so that no liberality of construction in favor of the insured will warrant the court in disregarding either. * * * The declaration, to be good, must therefore aver that the plaintiff was not only wholly and continuously disabled by the means alleged, independent of all other causes, but also 'immediately' so disabled. * * *" The court then held that the word "immediately," as used in the policy, meant without interval of time; without delay; instantly.

The Supreme Court of Georgia, in the case of *Williams* v. *Preferred, etc., Assn.* (1893), 91 Ga. 698, 17 S. E. 982, had under consideration a like clause in a policy of accident insurance, and the court there said: "It was contended that the word 'immediately,' as used in the policy now under consideration, did not mean immediately in point of time, but immediately in point of causation. The context, we think, shows conclusively that this word refers to the time of disablement, and not to the cause. The preceding words, 'shall, independently of all other causes,' express exactly the same meaning

as that which counsel seek to give to the word 'immediately' when they ask that it be construed as a word of cause and effect."

In the case last cited Williams received an injury on August 24, but did not become totally disabled until September 24 following, when he was confined to his bed. The court held that the word "immediately" was used as an adverb of time and that, the total disability of the plaintiff not having followed his injury immediately, there was no liability under his said policy.

In the case of *Merrill* v. *Travelers' Ins. Co.* (1895), 91 Wis. 329, 64 N. W. 1039, the court had under consideration a like clause in a policy of insurance. In considering the matter the court said: "The vital question for determination is whether, * * * the word *'immediately'* refers to proximity of time with the injury, and is used in the sense of 'presently,' 'without lapse of time or material delay,' or whether as thus used, it means 'proximately' in the sense of causation, * * *. We think that the word *'immediately'* was used in the former sense, and as meaning that the disability contemplated in order to give the plaintiff a claim for compensation under the policies must have ensued so closely upon the accident that he was wholly disabled from proceeding and transacting the business of his occupation regularly and in its due and proper course. * * * The disability to transact any and every kind of business pertaining to the plaintiff's occupation must not only have been *immediate,* but total."

In the case before us the appellee was injured on the night of January 30; thereafter he continued to run his engine as a locomotive engineer until February 23; he went to consult Dr. McKinney about his injured knee February 26, and the doctor told him to go home and stay there until his knee got well.

Under this evidence, under the authorities *supra,* and

many others could be cited, the injuries sustained by the appellee, at the time in question, did not immediately and totally disable him from following his usual vocation.

The decision is not sustained by sufficient evidence, and is contrary to law. The judgment is therefore reversed, and this cause remanded for further proceedings.