No. 26,241.

ELGIN E. PENQUITE, *Appellant*, v. GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORPORATION, *Appellee*.

SYLLABUS BY THE COURT.

ACCIDENT INSURANCE—*Construction of Policy—Total Disability from Date of Accident.* Total disability from an accident which does not begin until several weeks after its occurrence is not within the terms of a policy insuring against accident if the injury shall wholly and continuously disable the insured from date of accident.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed June 12, 1926. Affirmed.

*Kos Harris, V. Harris* and *M. P. Shearer*, all of Wichita, for the appellant.

*Robert C. Foulston, W. E. Holmes, D. W. Eaton, George Siefkin* and *Sidney L. Foulston*, all of Wichita, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover on an accident insurance policy. A demurrer to plaintiff's petition was sustained, and he appeals.

The plaintiff alleged the execution and delivery of the insurance policy sued upon and a change in the terms of the policy by which the weekly indemnity to be paid was increased from $25 to $30; that on or about December 21, 1921, while engaged in the performance of his duty as a fireman of the city of Wichita, he, with other firemen, was summoned to answer an alarm; that as a part of his duty he was required to slide down a pole from the second floor of the fire station, and that in attempting to catch the pole he sud-

---

Accident Insurance; 1 C. J. pp. 413 n. 20, 470 n. 89; 24 A. L. R. 203; 37 A. L. R. 151; 41 A. L. R. 1376; 14 R. C. L. 1318.

Penquite v. General Accident, Etc., Corp.

denly, violently and accidentally struck his body against the pole and lost his hold and fell to the first floor of the fire station—

"Which accident ruptured the said plaintiff and caused a double inguinal hernia, . . . That said plaintiff became permanently injured and disabled, as a result of said accident and said injury, on July 14, 1922, at which time he was compelled to cease working as a member of said fire department, by reason of such permanent injury and disability, caused by said double inguinal hernia, the result of said accident, which occurred on or about December 21, 1921, as above set forth, and which has permanently disabled him and rendered him unfit for the performance of his duties as such fireman and for the performance of any manual labor."

That within twenty days after the determination of the nature of the injury he orally notified the defendant of said injury, and that about July 14, 1922, he notified the agents of the defendant of the time and place of the accident, etc., and that thereafter the agents of the defendant paid the plaintiff on account of said accident the sum of $300, which amounted to a waiver of the failure of plaintiff to give the notice required by the policy; that the reason for his failure to give the notice provided for in the policy within twenty days after the accident was that he did not know until about May 4, 1922, "that the accident had caused the injury aforesaid—the double inguinal hernia."

The policy contained this provision:

"*Total disability.* A. Or, if such injuries do not result in any one of the losses enumerated in Part 1 [death, dismemberment and loss of sight], but shall independently and exclusively of all other causes, wholly and continuously disable and prevent the insured from date of accident from performing any and every kind of duty pertaining to his occupation, the corporation will pay the weekly indemnity above specified for the entire period of such total disability."

The plaintiff contends that the provisions of the policy should not be strictly construed—that only by inference and not by direct statement can a conclusion be drawn that he was fit to work from the date of the accident until July 14, 1922.

The policy is a contract providing for the payment of indemnity in case of an accident causing injuries which from the date of accident wholly and continuously disable and prevent the insured from performing the duties of his occupation.

The allegations of plaintiff's petition are that he suffered an injury December 21, 1921; that on May 4, 1922, he discovered that the hernia was the result of the accident (injury); that July 14,

1922, he ceased working; and that he was compelled to cease working because of the hernia. These allegations are clear and unequivocal. "From date of accident" has but one meaning. It does not mean a day or week or month after the accident. It refers to the particular "date" when the accident (injury) occurred. Plaintiff alleges it was December 21, 1921. The policy under which he sues specifies that he may recover "if such injuries . . . wholly and continuously disable and prevent the insured from date of accident [December 21, 1921] from performing any and every kind of duty pertaining to his occupation, the corporation will pay," etc. But the plaintiff alleges that while he was injured December 21 he ceased working July 14 following—almost seven months after his injury. The allegation that he ceased working seven months after the accident (injury) negatives any claim that he ceased work before that time. That is to say, a reasonable conclusion to be drawn from the allegation is that while he was injured December 21, on May 4, 1922, having been at work since the accident (injury), he discovered that the hernia was the result of the injury, and that on July 14, 1922, he ceased working. The allegation that he did not know until May 4 that he was injured December 21 also negatives any claim that he was disabled from performing his work from the date of the injury. The language of the policy is plain and unambiguous. It is clear that the plaintiff was not wholly disabled and prevented from performing the duties pertaining to his occupation from the date of the accident. The defendant was within its rights in making its liability depend upon the fact as to whether or not the plaintiff was immediately disabled by the injury from performing the duties pertaining to his occupation. It inserted in the policy these conditions, and doubtless fixed its rate of premium in accordance with the risk it assumed. To these conditions the plaintiff gave his assent when he accepted the policy. If he was not disabled from the date of the accident he cannot hold the defendant liable. The rule contended for by plaintiff would place the contract in the realm of uncertainty, whereas a reasonable reading of his allegations shows that six months elapsed before he was actually disabled. While the petition alleged in substance that the hernia existed from the date of the accident, no change or progression of the injury was alleged. The limiting words here are not like those in similar policies more frequently before the courts for

consideration. Ordinarily such policies provide for the payment of indemnity in cases of injury which "immediately" disable the insured. Much attention has been given the word "immediately," resulting sometimes in a somewhat elastic construction. Various Kansas cases cited in the briefs are not controlling in the instant case. The precise question does not appear to have been before this court.

In *Commercial Travelers v. Barnes,* 72 Kan. 293, 80 Pac. 1020, 82 Pac. 1099, the insured, a wholesale grocer, on July 23, 1902, swallowed a metal pin, which at once caused him much distress. However, he went to his place of business nearly every day until August 4 of that year, when he became wholly disabled. Between the dates mentioned he attended to his usual business almost every day. He assisted in buying goods, and attended to other matters pertaining to his part of the business. The jury found as a fact that he was wholly and continuously disabled from attending to every kind of business pertaining to his occupation after July 23. This court held that the finding of the jury was not sustained by the evidence, and a judgment for plaintiff was reversed. It was said:

"A disability is immediate, within the meaning of such contracts, when it follows directly from an accidental hurt, within such time as the processes of nature consume in bringing the person affected to a state of total incapacity to prosecute every kind of business pertaining to his occupation." (Syl. ¶ 3.)

This interpretation has been adhered to in later cases. (*Erickson v. Commercial Travelers,* 103 Kan. 831, 176 Pac. 989; *Rabin v. Business Men's Association,* 116 Kan. 280, 226 Pac. 764.)

*Robinson v. Masonic Protective Ass'n,* 87 Vt. 138, 47 L. R. A., n. s., 924, appears to be a case in point. There the evidence tended to show that an accidental bruise resulted in a felon within twenty-four hours and came within the provisions of the policy that the accidental injury should totally disable the insured "from the date of the accident." The court said:

"The claim that no recovery can be had under clause B, because the plaintiff's injury did not 'totally disable him from the date of the accident,' must also be determined against the defendant on the tendency of the evidence and the construction of the contract. As already seen, the evidence tended to show that the felon appeared within less than twenty-four hours from the time of the injury. It further tended to show that total disability resulted from the time of its appearance. The question then is, Was such disability, within less than twenty-four hours after the time of the accident, though on the next calendar day 'from the date of the accident,' within the meaning

12—121 KAN.

of that clause of the policy? A construction making the words 'from the date of the accident' mean from the calendar day on which the accident occurred, would be so unreasonable in some cases as to render it almost certain that such a construction was not contemplated by the parties to the contract. For instance, the insured might meet with accidental injuries between eleven and twelve o'clock at night, it being within the last hour of the calendar day, and yet if that is the date contemplated by the policy, the total disability of the insured must begin within the same hour and perhaps instantly, in order to entitle him to the benefits provided by clause B. Assuming that this provision was inserted in the contract by the insurer with intentions reasonable and just toward the insured, we think the words, 'date of the accident,' as used in that clause, were intended to mean total disability from the day of the accident, reckoned from the time of the accident, that is, within twenty-four hours thereafter." (p. 143.)

*Thompson v. General Acc., Fire and Life Assur. Corp.*, 155 La. 31, was an action to recover on an accident and disability insurance policy. The insured was injured April 12, 1915, while a passenger on a street car. The policy provided for indemnity against the effects of bodily injury caused directly, solely and independently of all other causes, etc., which shall "from the date of the accident" result in continuous disability. The petition alleged that the insured was injured April 12, but that he did not suffer actual pain from the injuries and was unaware that he had been injured until subsequent thereto, and only began to suffer acutely after a period of about two weeks from date of injury. The court said:

"It is perfectly apparent that the injuries alleged do not bring the plaintiff's case within any of the provisions of the policy providing insurance or indemnity for accidental injuries. It was possible for the external violence to have produced the internal injuries which followed the accident and developed thereafter, and to have caused the long confinement and eventual death of the insured; but it is clear that such injuries did not arise at the time of the accident, and were not of such a nature and character as to cause total disability and to prevent the insured from performing 'every duty pertaining to any and every kind of business from the date of the accident.'" (p. 34.)

*Martin v. Travelers' Ins. Co.*, 276 S. W. 380, 41 A. L. R. 1372, is a case recently decided by the supreme court of Missouri. The insured was a locomotive fireman working in the railroad yards at Springfield. He was thrown against the can rack over the fire drawer of the engine while putting a shovel of coal in the fire. This occurred in the early part of the night on September 15, 1920. He made no complaint of the injury and continued to work until 4:30 a. m., his regular time of quitting. He worked the two following

nights, and thereafter became totally disabled, and died November 20 following.   The court considered the question:

"Was insured, by reason of such accidental injury, *wholly and continuously disabled from date of accident,* within the meaning of the policy?   The policy contained the following provision:

" 'If such injuries shall wholly and continuously disable the insured *from date of accident* from performing any and every kind of duty pertaining to his occupation, and during the period of such continuous disability but within 120 days from date of accident, shall result, independently and exclusively of all other causes in any one of the losses enumerated in this part, the company will pay the sum set opposite such loss,' etc.   (Italics ours.)   .   .   .

"That insured was wholly and continuously disabled from a period of two or three days after the time of his alleged injury to the date of his death, there is no question on this record.   Nor can there be any doubt that he was *not* wholly and continuously disabled from the night of September 15, when the alleged injury was received, until after the completion of his night's work, on the shift beginning September 17, from performing any and every kind of duty pertaining to his occupation.   The question then is whether an injury suffered through accident, which does not result in wholly and continuously disabling the insured for two or three days after the accidental injury, comes within the provision that such injury 'shall wholly and continuously disable the injured *from date of accident.*'   .   .   .

"We can only construe the contract as the parties made it.   We cannot help the beneficiary to escape the unfortunate consequences of an unwise or improvident contract made by the insured.   There is no uncertainty or ambiguity about the words 'from date of accident' and, therefore, no room for a construction such as the court of appeals sought to put upon the words 'immediate' or 'immediately,' after they had concluded that those words were of similar import with the words 'from date of accident.'   Unless we can say that the occurrence of total disability two or three days after the accident is the occurrence of total disability from 'date of accident,' the beneficiary cannot recover."   (p. 381.   See, also, notes 24 A. L. R. 203; 37 A. L. R. 151, and 41 A. L. R. 1376.)

The judgment is affirmed.