# $\mathfrak{Staunton}$

WILLIAM CECIL KENNARD v. TRAVELERS PROTECTIVE
ASSOCIATION OF AMERICA.

September 17, 1931.

Present, Prentis, C. J., and Campbell, Holt, Hudgins and Gregory, JJ.

The opinion states the case.

*B. E. Estes,* for the plaintiff in error.

*Murray A. Foster, Woods, Chitwood, Coxe & Rogers, John L. Walker* and *Holland, Lashly & Donnell,* for the defendant in error.

HOLT, J., delivered the opinion of the court.

The plaintiff, Mr. Kennard, was a member in good standing of the Travelers Protective Association, a fraternal benefit society, chartered under the laws of the State of Missouri. His certificate of membership bears date April 3, 1916. On the night of August 6, 1929, he was injured by striking his right foot against the rocker of a chair. At that time this accident seemed to be too trivial for notice, but by August 29, 1929, this injured foot had become swollen and painful. On that day a physician was summoned and on September 6, 1929, the company was notified. His accumulated disability claims amount to $823.21. To his motion for judgment therefor the defendant demurred. Its demurrer was sustained; the case was dismissed, and is now before us on a writ of error.

Plaintiff's certificate of membership declares that he is "entitled to such benefits as may be provided in and by the constitution, by-laws and articles of incorporation of said association in force and effect at the time any accident occurs from which a claim for benefits arises.

"Benefits in case of death payable to Sarah Ellen Kennard his wife. This certificate, the constitution, by-laws and articles of incorporation of said association and application for membership signed by said member and all amendments thereto shall constitute the agreement between said association and said member and shall govern the payment of benefits, and any changes, additions or amendments to said constitution, by-laws or articles of incorporation, hereafter duly made shall bind said member and his beneficiary or beneficiaries, and shall govern and control the contract in all respects the same as though such changes, additions or amendments had been made prior to and were in force at the time of said member's application for membership."

Across the face of the certificate itself this provision is written: "Any member meeting with an accident must notify the national secretary in writing within thirty days of such accident, giving full particulars of same and name of attending physician. In case of death the beneficiary shall give such notice. In case of failure to notify except because of unconsciousness or physical inability the member or his beneficiaries shall forfeit all rights to insurance benefits."

On its back this appears: "The following benefits are paid subject to the conditions, exceptions and limitations of the constitution of the association and amendments thereto, whenever a member in good standing shall, independently of all other causes, through external, violent and accidental means, receive bodily injury which shall solely and exclusively cause death or disability."

Then follows a statement of the sums which are to be paid for accidents of varied kinds.

These provisions appear as section 10, article 6, of the association's constitution:

"Whenever a class A member of this association in good

standing shall through external violent and accidental means receive bodily injuries which shall independently of all other causes immediately, continuously and wholly disable him from transacting any and every kind of business pertaining to his occupation as shown by the records of this association, he shall be paid for the loss of time occasioned thereby the sum of $25.00 per week, not exceeding 104 consecutive weeks, and $12.50 per week for partial disability, not to exceed five consecutive weeks."

Pertinent also to this controversy is section 6, article 13, of said constitution which declares:

"Any member in good standing meeting with any accident, as described in this constitution, must call a regular physician or surgeon and notify the national secretary in writing within thirty days of the event causing the injury, giving full particulars of same and name of attending physician or surgeon. In case of death the beneficiary shall give such notice within thirty days of the event causing the injury or death. In case of failure to notify, except because of unconsciousness or physical inability, the member, or his beneficiary in case of death, shall forfeit all rights to insurance benefits."

In considering cases of this character certain elementary principles are to be remembered. Members of a mutual benefit society are bound by its charter and by-laws made pursuant thereto, and are conclusively presumed to have knowledge of them all. *Bixler* v. *Modern Woodmen of America*, 112 Va., 678, 72 S. E. 704, 38 L. R. A. (N. S.) 571. Their certificates of membership or policies of insurance in cases of doubt or ambiguity are to be construed liberally in favor of the assured but they must be construed in accordance with their terms as are other contracts. Courts should not make uncertain that which is certain, and they cannot make contracts for the parties. *Phoenix Ins. Co.* v. *Shulman Co.*, 125 Va. 281, 99 S. E. 602; *Combs*

v. *Hunt*, 140 Va. 627, 125 S. E. 661; *Bawden* v. *American Ins. Co.*, 153 Va. 416, 150 S. E. 257. "The province of construction lies wholly within the domain of ambiguity." *Hamilton* v. *Rathbone*, 175 U. S. 414, 20 S. Ct. 155, 158, 44 L. Ed. 219. When a provision is too plain to be misunderstood there is nothing to construe. *Norfolk Motor Exchange* v. *Grubb*, 152 Va. 471, 147 S. E. 214, 63 A. L. R. 310.

■ No conflict is created by and no ambiguity arises out of the endorsement noted as appearing upon the back of the policy and those constitutional provisions heretofore quoted which by terms of the contract itself are made a part of it. They are to be construed together. *Phoenix Ins. Co.* v. *Shulman Co., supra.*

Section 6 of article 10 of the constitution tells us that any disability relied upon as a basis of recovery must follow immediately upon the heels of the accident, while section 6 of article 13 tells in terms the character of the notice and the time within which it must be served upon the company.

The endorsement upon the back of the policy itself merely sets out the amount of the recovery to which the beneficiary is entitled when he has complied with the conditions and limitations of the policy itself, which conditions and limitations include, as we have seen, those appearing in this company's charter, its constitution and by-laws passed pursuant thereto.

It is first necessary for us to ascertain what is meant by said section 6 of article 10, when it is declared that the accident "shall independently of all other causes, immediately, continuously and wholly disable him."

■ Words and phrases should receive primarily that construction which they commonly receive in the ordinary affairs of life. With this in mind we are to decide whether the phrase in judgment means what it says, namely, that

the accident "shall independently of all other causes immediately, continuously and wholly disable" the plaintiff, or does it mean something else.

■ "Policies of insurance, as other contracts, should be construed 'according to the ordinary sense and meaning of the terms employed, and, if they are clear and unambiguous, their terms are to be taken in the plain, ordinary, and popular sense.' *St. Paul Fire & Marine Ins. Co.* v. *Ruddy* (C. C. A.) 299 F. 189, loc. cit. 193." *Callen* v. *Massachusetts Protective Ass'n* (C. C. A.) 24 F. (2d) 694, 695.

■ Words like these in judgment, or words of similar import, are almost universally incorporated into accident insurance policies. Without such provisions they could not safely do business.

Due to their wide use they have been many times defined.

"A provision frequently found in accident policies defines the injuries for which the insurer shall be liable as those which shall 'immediately, wholly and continuously' disable the insured, and the question has been raised in several cases as to the meaning to be given to the word 'immediately.' In a majority of cases the courts on a consideration of the context have found that the word 'immediately' in the connection mentioned is used as an adverb of time, although in some cases it has been interpreted as signifying causation and not time. The principal difficulty, however, in these cases has not been to ascertain whether the word 'immediately' signifies proximity of time, since that signification is generally indicated with sufficient clearness by the context, but rather to determine how soon after the infliction of the injury the disability must result in order to come within the designation. It is generally agreed that 'immediately' as so used does not mean instantaneously or without any interval of time; and is not, on the other hand, equivalent to the phrase 'within a reasonable time,' but requires that the disability shall result presently and without any substantial interval." 1 Corpus Juris, 468.

"It is generally held that the words 'immediately' and 'at once,' as used in accident policies providing for certain indemnity in case of injury which causes total disability 'at once' or 'immediately,' should be construed as adverbs of time, and not causation, and to mean proximity of time with the injury, as presently, or without any substantial interval between the accident and the disability." 24 A. L. R. 226; Joyce on Ins. volume 5, section 5383; 1 Cyc. page 272.

There must be continuity of disability.

A leading and early case dealing with this subject is that of *Williams* v. *Preferred Mutual Accident Association,* 91 Ga. 698, 17 S. E. 982. There the policy provided for compensation where an accident "immediately, wholly, and continuously" disabled the insured. Williams was struck on the head but continued to give more or less attention to his business for several days, when he was forced to take to his bed. The court in its opinion said "it would, perhaps, be going too far to say that in a policy like the present this word means precisely the same thing as 'instantly' or 'momentarily,' but it necessarily implies that the injury must be such that the insured cannot proceed regularly and in due course with his occupation; that he cannot go on with his work or business as if he had received no injury, and then, upon becoming worse, cease the transaction of his business or labor, and hold the company responsible for the loss of his time." See, also, *Vess* v. *United Benevolent Society of America,* 120 Ga. 411, 47 S. E. 942.

In *Robinson* v. *Masonic Protective Ass'n,* 87 Vt. 138, 88 A. 531, 47 L. R. A. (N. S.) 924, the policy covered "total disability from the date of the accident." It was there held that disability did not have to develop on the calendar day, but that an interval of twenty-four hours might be construed as immediate, and would suffice.

In *Merrill* v. *Travelers' Ins. Co.,* 91 Wis. 329, 64 N. W. 1039, 1040, the policy undertook to protect the insured

against any accident which "immediately and wholly disabled him from transacting any kind of business." He fell on August 18th but continued to attend to his business part of the time until October 20th, when paralysis set in. No recovery was allowed. The court said that "immediate" did not mean reasonable, and that the language used was entirely plain.

In *Walters* v. *Mutual Benefit, etc., Ass'n*, 208 Iowa 894, 224 N. W. 494, 495, decided April 12, 1929, plaintiff was insured against any casualty which "immediately, wholly and continuously disabled the insured from the date of the accident." He was hurt in December and partially paralyzed on January 13th. Recovery was denied, and the case was distinguished from that of *Commercial Travelers* v. *Barnes*, 72 Kan. 293, 80 Pac. 1020, 82 Pac. 1099, 7 Ann. Cas. 809, in that the policy in judgment had in it "from the date of the accident," which provision did not appear in the Kansas case. This *Walters Case* was followed in *Penquite* v. *General Accident Corporation*, 121 Kan. 174, 246 Pac. 498.

In *Mullins* v. *Masonic Protective Ass'n*, 181 Mo. App. 394, 168 S. W. 843, 844, the policy covered disabilities which followed "immediately, continuously and solely from accidental injuries." Mullins was, on October 6th, hurt in a fall. He worked some days but trouble developed, and on October 16th was forced to go to a hospital for treatment. The court held that "immediately" did not mean instantaneously, but that it could not be stretched to mean several days, and so denied any recovery.

In *Masonic Protective Ass'n* v. *Farrar*, 73 Ind. App. 19, 126 N. E. 435, 436, plaintiff was insured against any casualty which "continually, from the date of the accident, disabled the insured." He was a locomotive engineer and was hurt on January 30th. He limped around and continued to run his engine until February 23rd when he had to quit. No recovery was allowed.

In *Pepper* v. *Order of United Commercial Travelers*, 113

Ky. 918, 69 S. W. 956, the policy covered accidents which "immediately, wholly, and continuously disabled the plaintiff." He was hurt on May 9th and became disabled on June 20th. A recovery was denied. The court said: "We are of opinion that the word 'immediately,' as used, refers to time, and means that the disability shall follow within a very short time the receiving the injury."

In *Southern Surety Co.* v. *Penzel*, 164 Ark. 365, 261 S. W. 920, 921, it appears that the plaintiff cut his finger on January 6th. On January 9th blood poison set in. His policy declared that "such injury shall wholly and continuously disable the insured from the date of the accident." No recovery was allowed. The court said that these provisions were too plain to be misunderstood.

In *McDaniel* v. *Business Men's Assur. Co. of America* (Mo. App.) 6 S. W. (2d) 337, it appears that the plaintiff struck his foot against a sewing machine on November 21st. On the 23rd some pain developed, and on the 26th he was taken suddenly ill. His policy covered accidents which "totally and continuously disabled the insured from the date of the accident." The court said that it was not necessary that he be made helpless from that date, but that some disability must have been then suffered. A recovery was denied.

In *Smith* v. *U. S., etc., Casualty Co.* (Oct. 1, 1929) 101 Cal. App. 79, 281 Pac. 413, 414, it appears that the plaintiff was bitten on his thumb by a dog on October 6th, and was kept from work until October 21st. On November 26th hydrophobia developed. He was insured against any accident which should "wholly and continuously from the date of the accident disable him." The court held that there was no total and continuing disability and denied a recovery.

In *Letherer* v. *U. S. Health & Accident Ins. Co.*, 145 Mich. 310, 108 N. W. 491, 492, the policy covered accidents "which shall independently of all other causes, and immediately

following the receipt thereof, wholly and continuously disable, etc." The plaintiff was hurt on October 2nd but continued at work until the 9th, when he practically quit. No recovery was permitted in this case.

In *Laventhal* v. *Fidelity & Casualty Co. of New York,* 9 Cal. App. 275, 98 Pac. 1075, the policy declared that the accident should "immediately, continuously and wholly disable and prevent the insured from performing every and any duty pertaining to his occupation." On November 10th his abdomen was bruised by coming in contact with a suitcase, but he did not cease work until December 1st, or until twenty-one days had passed. In the instant case twenty-three days passed. The court said: "If where twenty-two days elapsed before the injury finally overpowered and disabled the plaintiff we should hold that such disability was immediate, the same reasoning would apply if the period had been fifty days, and so for months and perhaps years. It is said by medical writers that cases have been known where a slight injury received in youth, from which the patient apparently recovered, has been the proximate cause of death in old age. After days and months, and perhaps years, have elapsed, it is evident that the question as to whether or not the injury of itself finally wholly disabled the party would be a question, at least in many cases, difficult to determine. It might finally be solved in favor of the party who was most industrious in procuring witnesses, and particularly expert witnesses. We are of opinion that it is a much safer rule to hold the parties to the plain, unambiguous reading of their contract."

The leading case relied upon by the plaintiff is that of *Order of United Commercial Travelers of America* v. *Barnes,* 72 Kan. 293, 80 Pac. 1020, 82 Pac. 1099, 7 Ann. Cas. 809.

Here the insured was protected against injuries which "independently of all other causes, immediately, wholly and continuously disable and prevent him from the prosecution of any and every kind of business pertaining to his

occupation." He swallowed a pin on July 23rd and pursued his usual vocation up to August 4th. From that time on he was disabled. On October 1st a metal pin was found in his vomit encased in mucous membrane, which the doctor estimated had been in process of formation for three or four months. The court permitted a recovery, being of opinion that disability was immediate when it followed directly from the accident within such time as the processes of nature consumed in bringing about from it total incapacity. See also to the same effect 14 R. C. L. 1317.

In *North American Accident Ins. Co.* v. *Miller* (Tex. Civ. App.) 193 S. W. 750, 751, the insurance was against "immediate, continuous and total disability." Plaintiff was struck on the chest while sinking a well and rendered unconscious. He remained in bed for a day or two, and afterwards attempted to work from time to time, but was really incapacitated by reason of an aortic aneurysm which had in the meantime developed. The court held that his injury was immediate and continuous, and permitted a recovery. It distinguished that case from *Continental Casualty Co.* v. *Wade*, 101 Tex. 102, 105 S. W. 35. There plaintiff was disabled for fifteen minutes, resumed work, and died at the end of fifty-two days. His disability was not immediate and continuous.

In *Martin* v. *Travelers' Insurance Co.* (Mo. App.) 247 S. W. 1024, a fireman who was insured against "such injuries as shall wholly and continuously disable the insured from the date of the accident" was hurt on September 15. He continued to work until quitting time and for one or two nights thereafter when he had to quit for good. The court followed the *Barnes Case*, and said that disability was immediate when it followed directly from an accidental injury within such time as the processes of nature consumed in bringing about total incapacity, and cited in support of that conclusion the *Barnes Case* from Kansas. But this decision which was the holding of a court of appeals

was afterwards reversed by the Supreme Court of Missouri. 310 Mo. 411, 276 S. W. 380, 41 A. L. R. 1372.

In *Rorabaugh* v. *Great Eastern Casualty Company*, 117 Wash. 7, 200 Pac. 587, 589, it appears that plaintiff suffered a scratch, within twelve hours developed blood poisoning and on the third day was put to bed. He was insured against casualties which, "from the date of the accident result in continuous disability," and was permitted to recover.

In *Rabin* v. *Central Business Men's Ass'n*, 116 Kan. 280, 226 Pac. 764, 38 A. L. R. 26, the record shows that the plaintiff hurt his toe and was kept from his work for ten days. He then went back to it but in a short time was taken worse and sent to a hospital, suffering with blood poisoning. The processes of nature doctrine was invoked and he was permitted to recover.

In *Carmichael* v. *Benefit Ass'n of Railway Employees* (Aug. 1929), 153 Wash. 542, 280 Pac. 44, it appears that the plaintiff was hurt on December 27 and suffered some from his injuries until January 11th, when he quit work. His disability was held to be immediate and he was permitted to recover.

In *Wall* v. *Continental Casualty Co.*, 111 Mo. App. 504, 86 S. W. 491, it appears that the plaintiff, who was a locomotive brakeman, was hurt on November 7th and quit work on November 15th. In this interval of time he was able to do little work but went on his runs and hired a substitute to do his work for him. His injury was held to be immediate.

These cases serve to show the general trend of authority and their point of divergence.

We attach little importance to variations in verbiage used by the different companies. Manifestly the same purpose holds throughout them all.

■ It is universally conceded that words carry with them their primary definition unless their context shows that this should not be done. Having conceded this much, some courts straightway proceed with meticulous care to dig out an obscure meaning which even a lexicographer

could scarcely have been expected to unearth. A lawyer who promised to give his client's case immediate attention and who then pigeonholed it for three weeks would probably not be thereafter retained.

The weight of authority is with the defendant. It is likewise universally conceded that courts cannot make contracts for people and must construe them as written when they are plain upon their face, and this notwithstanding the equally well-established rule that they are to be, in doubtful cases, construed liberally in favor of the assured. Total disability does not have to be instantaneous, but to hold that a reasonable time suffices is to write into the contracts something which the parties themselves did not put there. There must be continuity of disability, and certainly that continuity is broken by an interval of twenty-three days.

The processes of nature doctrine does not commend itself to us as a logical one. These processes, as some of the cases tell us, are in point of time of infinite variety. If one were bitten by a dog which chanced to be suffering from rabies, hydrophobia, according to some authorities, might not develop for weeks, and some hold that months might elapse before any evidence of this infection might manifest itself. In such a case could it in reason be said that the plaintiff had been immediately, continuously and wholly disabled? Cancer sometimes develops from a wound after a long interval. Such disability is not immediate and total.

It is not possible to lay down any cast-iron rules, but twenty-three days in this case is too much.

Since the plaintiff cannot in this case recover upon its merits, it is not necessary for us to determine whether or not the notice which was on its face a day late was too late in fact. No notice could have saved him.

The judgment appealed from is without error and must be affirmed.                                        *Affirmed.*